# KATHERINE WYATT v. EUGENE M. WYATT. STATE AUTOMOBILE INSURANCE ASSOCIATION OF DES MOINES, GARNISHEE.[1]

June 5, 1953.

No. 36,021.

[1]Reported in 58 N. W. (2d) 873.

*Gallagher, Farrish & Sheran* and *Miles B. Zimmerman,* for appellant.

*Regan, Regan & Kroon,* for respondent.

KNUTSON, JUSTICE.

The facts in this case are not in dispute. On March 30, 1949, the garnishee issued to defendant a policy of insurance on the form customarily used for insuring the owner of an automobile against liability for personal injury or property damage. The pertinent portions of the policy are found in coverage B, which reads:

"PROPERTY DAMAGE LIABILITY: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile."

The policy thereafter contains the following provision:

"EXCLUSIONS

"This policy does not apply:

\* \* \* \* \*

"(f) under coverage B, to injury to or destruction of property owned by, rented to, in charge of or transported by the insured;"

Defendant did not own an automobile. In the space in the policy form in which the automobile covered by the insurance is usually described the words "See Endorsement" were typed. Attached to the policy was an endorsement entitled "OPERATOR'S POLICY (Private Passenger Automobiles)." As far as here material, the endorsement read:

"It is agreed that *such insurance as is afforded by the policy* \* \* \* for Property Damage Liability applies subject to the following provisions:

"1. *The insurance* applies to the named insured with respect to his operation of or presence in any private passenger automobile.

\* \* \* \* \*

"3. The insurance does not apply:

"(a) to any automobile owned in full or in part by or registered in the name of the named insured;" (Italics supplied.)

On May 6, 1949, an automobile owned by Charles Wyatt was damaged while defendant was using it as a bailee with the permission and consent of Charles Wyatt. He sued defendant to recover damages to his automobile and recovered a verdict. Judgment was entered thereon. Thereafter, supplemental proceedings were instituted against the garnishee, and the garnishee denied liability. Charles Wyatt died during the pendency of such proceedings, and Katherine Wyatt, as the representative of his estate, was substituted as plaintiff. The trial court held the garnishee liable under the policy, and, pursuant to the court's findings and order, judgment was entered against the garnishee for $963.72, which is the amount of the original judgment obtained by Charles Wyatt against defendant plus interest and costs. This appeal is from the judgment so entered.

There can be no question but that the automobile of Charles Wyatt, at the time it was damaged, was "in charge of" the insured within the meaning of exclusion (f). Faust v. Dawes, 257 Wis. 353, 43 N. W. (2d) 365; Speier v. Ayling, 158 Pa. Super. 404, 45 A. (2d) 385. See, Annotation, 131 A. L. R. 1105. It must follow that liability of the garnishee is excluded by clause (f) unless the exclusion is nullified by the attached endorsement. It is the contention of plaintiff that paragraph 1 of the endorsement has the effect of cancelling the exclusion provided in clause (f).

In construing a policy of insurance we are governed by certain well-established rules.

■ The endorsement forms part of the insurance contract, and the policy and the endorsement must be construed together. In Narver v. California State L. Ins. Co. 211 Cal. 176, 181, 294 P. 393, 395, 71 A. L. R. 1374, the California court said:

"* * * Taken by itself, this endorsement means nothing. Of itself, it is not a contract in any sense of the word. By its term it refers to the main policy and the application therefor, and except as

specifically excepted in the endorsement, it put the provisions of the policy into force and effect. Endorsements on an insurance policy form a part of the insurance contract (25 Cyc. of Law and Procedure, 743), and the policy of insurance with the endorsements and riders thereon must be construed together as a whole * * *."

See, also, 29 Am. Jur., Insurance, § 174; 13 Appleman, Insurance Law and Practice, § 7538.

■ Where provisions in the body of the policy conflict with a rider or endorsement, the provisions of the endorsement will govern. Aetna Ins. Co. v. Houston Oil & Transport Co. (5 Cir.) 49 F. (2d) 121; 13 Appleman, Insurance Law and Practice, § 7538; 44 C. J. S., Insurance, § 300.

■ A construction of an insurance policy which entirely neutralizes one provision should not be adopted if the contract is susceptible of another construction which gives effect to all its provisions and is consistent with the general intent. Soukup v. Employers' Liability Assur. Corp. Ltd. 341 Mo. 614, 108 S. W. (2d) 86, 112 A. L. R. 149; 29 Am. Jur., Insurance, § 160.

■ The exclusions provided by clause (f) are as much a part of the policy as the coverage and must be read as part of coverage B. The endorsement, on its face, clearly makes the insurance afforded by the policy applicable to an operator of an automobile who is not the owner thereof. Paragraph 3(a) of the endorsement expressly excludes coverage for any automobile owned in whole or in part by or registered in the name of the insured. Paragraph 1 makes available the insurance afforded by the policy to other automobiles not owned in whole or in part by or registered in the name of the insured. We fail to see any conflict between the endorsement and the policy.

Reading the whole contract together, including the body of the policy and the endorsement, it is clear that it was intended to afford to one who was driving an automobile which he did not own the same coverage as would be afforded to an owner of an automobile described in the policy in the absence of the endorsement. The reasons for excluding the risks covered by clause (f) are as

important in one case as in the other. The reason for such exclusion is well stated in Parry v. Maryland Cas. Co. 228 App. Div. 393, 395, 240 N. Y. S. 105, 107, as follows:

"* * * The limitations relate to property in which the assured has either a general or a special interest. As to such property both the frequency of accident and the opportunities for fraud create a high hazard and make the risk undesirable, at least at the rate charged for the ordinary coverage."

See, also, Appleman, Automobile Liability Insurance, p. 200; 7 Appleman, Insurance Law and Practice, § 4328.

Plaintiff argues that the words "presence in *any* private passenger automobile" (italics supplied) in paragraph 1 of the endorsement includes liability for damage to an automobile in charge of the insured in spite of clause (f). The fallacy of this argument is that it ignores the words "such insurance as is afforded by the policy" in the endorsement and the fact that the policy excludes coverage for damage to an automobile in charge of the insured. This language cannot be ignored in construing the meaning of paragraph 1 of the endorsement.

■ It is also the contention of plaintiff that paragraph 3(a) of the endorsement is inconsistent with clause (f) and that therefore the endorsement rather than the policy should control. The difficulty with this contention is that paragraph 3(a) deals with situations which are not covered by the policy. All of paragraph 3 of the endorsement specifies situations in which the insurance does not apply. "The insurance," as here used, again has reference to the insurance afforded by the policy. Plaintiff argues that, inasmuch as paragraph 3(a) excludes any automobile owned in full or in part by or registered in the name of the insured, it must be held to include all automobiles not so owned or registered, including as well liability for damage to automobiles in charge of the insured. Paragraph 3(a) obviously is intended to expressly limit the insurance to such automobiles as are not owned by the insured. Instead of enlarging the insured's coverage, as plaintiff contends, it provides a further limitation not provided for in the policy itself. It is not

to be construed as a provision for extending the coverage but, on the contrary, must be construed as expressly excluding the risks therein stated.

Reversed.

MR. JUSTICE FRANK T. GALLAGHER took no part in the consideration or decision of this case.