## CLARK *v.* HACKER.

1. GARNISHMENT—PLEADING—AFFIDAVIT—DISCLOSURE.
    The affidavit for writ of garnishment acts as a declaration and the disclosure of the garnishee defendant acts as the answer.

2. SAME—PLEADING—AFFIRMATIVE DEFENSES.
    A garnishee defendant is precluded from relying upon any affirmative defense that has not been pleaded in its disclosure.

3. SAME—INSURANCE—PLAINTIFF'S BURDEN OF PROOF.
    A plaintiff has the burden of showing that his claim against a

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur, Attachment and Garnishment §§ 706, 709, 722 *et seq.*
[2] 5 Am Jur, Attachment and Garnishment § 758.
[3] 5 Am Jur, Attachment and Garnishment § 953.
[4] 29 Am Jur, Insurance § 1530.

garnishee defendant, an insurer, comes within the provisions of the policy.

4. INSURANCE — CONSTRUCTION OF POLICY — AMBIGUITY — QUESTION FOR JURY.

The matter of construing an indemnity insurance policy relative to coverage afforded thereby was properly submitted to the jury by the trial judge in garnishment proceeding on the theory that its meaning was ambiguous, where there was a difference in claims as to whether premises covered thereby had to be in possession of the principal defendant, an electrical contractor, or while he was actually using the premises, in order to cover the defined hazards.

5. GARNISHMENT — INSTRUCTIONS — AMBIGUOUS INSURANCE POLICY.

Instructions given in garnishment action by person injured when electric light fixture fell on her against the installer's insurer, that installer had accepted responsibility for the defective installation, that the plaintiff stood in the place of the installer, that ambiguous or obscure provisions are to be liberally construed in favor of the insured, and to bear in mind the purpose of the insured in purchasing the insurance, and then leaving it to the jury as to whether the insurer was liable under the indemnity policy *held*, not to have misled the jury under the facts adduced.

Appeal from Macomb; Noe (Alton H.), J. Submitted April 3, 1956. (Docket No. 9, Calendar No. 46,606.) Decided May 14, 1956.

Garnishment proceedings by Christine Clark against American Automobile Insurance Company, a Missouri corporation, property liability insurer of Floyd Grove Hacker, against whom judgment for personal injury accident had been rendered. Verdict and judgment for plaintiff. Garnishee defendant appeals. Affirmed.

*Alexander, Cholette, Buchanan, Perkins & Conklin* (*Robert E. Fox,* of counsel), for plaintiff.

*Christian F. Matthews,* for defendant.

SHARPE, J. In 1947 Floyd Grove Hacker was engaged in a copartnership doing business as Bath City Electric Company in the city of Mount Clemens, Michigan. In October of 1947 the company was hired by the owner of a store called "Leather Land" to install an electric light fixture and to do other electrical work in that store. The actual work was performed by an employee of the electric company.

On November 5, 1948, at about 9:30 a.m. plaintiff, an employee at said "Leather Land," attempted to turn on the light in the electric light fixture by the string attached thereto in the usual manner. The fixture fell from the ceiling of the store, striking plaintiff upon her neck, shoulder and back, thereby causing severe and painful injuries. Plaintiff brought suit in an action of trespass on the case against principal defendant, Floyd Grove Hacker, in the circuit court of Macomb county, and obtained a judgment in the sum of $3,000 for damages which she suffered as the result of defendant company's negligence in installing the electric light fixture. Following the entry of this judgment, plaintiff instituted garnishment proceedings against the American Automobile Insurance Company, the insurer, claiming that under the provisions of certain insurance policies issued by the garnishee defendant to the principal defendant, the garnishee defendant should pay the amount of the judgment. The American Automobile Insurance Company, garnishee defendant, filed a disclosure on January 25, 1952, denying that it was in any way or manner indebted to Floyd Grove Hacker, principal defendant, in any amount whatever.

On January 30, 1952, plaintiff made demand for trial of the statutory issue. The cause came on for trial before a jury in the circuit court of Macomb county, Michigan, on June 29, 1954, and at the conclusion of plaintiff's proofs the attorney for the

garnishee defendant moved for a directed verdict of no cause of action on the ground that the plaintiff did not prove her case against the garnishee defendant. The motion was denied by the trial court. At the close of all proofs the attorney for the garnishee defendant again renewed the motion for a directed verdict. The trial court denied the motion, and submitted the cause to the jury. The jury returned a verdict in favor of plaintiff in the amount of $3,441.31.

The garnishee defendant appeals from the jury award and urges that it was entitled to a judgment of no cause of action; that the trial court erred in submitting the case to the jury because there was no dispute on the facts and no question of fact to be determined by a jury; that the trial court should have directed a verdict of no cause of action in favor of the garnishee defendant; that the trial court erred in denying the motion of the garnishee defendant made at the close of plaintiff's case, and again at the close of all proofs, to direct a verdict of no cause of action and of no indebtedness; that the trial court should have entered a judgment for the garnishee defendant as there was no liability on the part of the garnishee defendant to the principal defendant or to plaintiff; that the trial court erred in receiving in evidence a policy of insurance which covered the period June 13, 1948, to June 13, 1949, because said period was subsequent to that in which the claimed liability of garnishee defendant arose; that the charge of the court was argumentative; that the court erred in reading into the policy of insurance an ambiguity in its terms, and that the charge of the court as given to the jury amounted to a directed verdict against the garnishee defendant.

The principal issue in this case relates to the following items in the general liability insurance policy:

"Division 1(b) Operations-Manufacturers' and Contractors'

"Location and Description:

"ELECTRICAL WIRING—WITHIN BUILDINGS—INCLUDING INSTALLATION OR REPAIR OF FIXTURES OR APPLIANCE—(INSTALLATION OF ELECTRICAL MACHINERY OR AUXILIARY APPARATUS TO BE SEPARATELY RATED) #5190."

It is urged by the garnishee defendant that the principal defendant was insured against personal liability arising out of his *use of the premises,* while he was engaged in certain operations, which operations were defined to be *electrical* wiring, within buildings, including installation or repair of fixtures or appliances, and that he was only covered by insurance against a liability which arose while he was in actual use of the premises and while his work was in progress.

Defendant also urges that division 4, under the "definition of hazards," could only apply after possession of the premises, or after the defective product had been delivered to others, and that because of the exclusions in the policy, there was no coverage in the policy for the principal defendant against his liability to the plaintiff. Division 4 reads, in part, as follows:

"Products. The handling or use of or the existence of any condition in goods or products manufactured, sold, handled, or distributed by the named insured, other than contractors' equipment, if the accident occurs after the insured has relinquished possession thereof to others and away from premises owned, rented, or controlled by the insured."

It is the position of the plaintiff that inasmuch as garnishee defendant's disclosure did not claim lack of coverage under the policy, the garnishee defendant cannot now raise this issue. In a garnishment

action the affidavit for writ of garnishment acts as a declaration and the disclosure of the garnishee defendant acts as the answer. Under the pleadings in this case the garnishee defendant is precluded from relying upon any affirmative defense, as it was not pleaded. However, the burden is still upon the plaintiff to show that his claim comes within the provisions of the policy.

We note that item 1 of the policy gives the name of the insured as Floyd G. Hacker, Francis G. Hacker and Forest G. Hacker, with address at 46 Crocker boulevard, Mount Clemens, Michigan; that under insuring agreement 1, "coverage A—Bodily injury liability," it provides for liability "caused by accident and arising out of the hazards hereinafter defined." Under division 1 of the "definition of hazards" it reads:

"Division 1—Premises—Operations. The ownership, maintenance, or use of the premises, and all operations during the policy period which are necessary or incidental thereto."

The trial court submitted to the jury the insurance policy for interpretation on the theory that its meaning was ambiguous. It is the claim of plaintiff that premises could and should be defined as "electrical wiring—within buildings—including installation or repair of fixtures or appliance." Plaintiff also claims that under the term "hazards," "The ownership, maintenance, or use of the premises, and all operations during the policy period which are necessary or incidental thereto" relates to the installation of fixtures and also relates to buildings not under the control of the insured, but in which he is making installations or repairs.

We are in accord with the action of the trial judge in submitting this issue to the jury, as its meaning and intent are not plainly recorded.

It is also urged by defendant that the trial court committed reversible error in giving the following instructions to the jury:

"The defendant Floyd Grove Hacker has testified here that the fixture was installed by an employee of his, and that the installation had remained there for about a year when this particular incident occurred. And that he examined the installation at that time. And having had no prior notice of it he discovered that a certain lock nut was stripped. And that by reason of the improper installation by an employee of his, [for?] which he accepts responsibility, the fixture fell. He subsequently thereto went and repaired it or reinstalled it, so that it would be thereafter in a satisfactory condition. And states that he accepted that as part of his contract to install this particular fixture. * * *

"If possible, the construction of the language used in an insurance policy should be such as to make it of some value to the insurer [insured?]. In a trial of this type the plaintiff Christine Clark stands in the place of the insured Floyd Grove Hacker. And she has the same rights as he has under the policies in question, as against the garnisheed defendant, American Automobile Insurance Company, a Missouri corporation.

"In construing these insurance policies, if the provisions as a whole are ambiguous or obscured, they are to be liberally construed in favor of the insured. * * *

"Bear in mind, also, the purpose for which the policy is purchased by Mr. Hacker. His testimony here. And from that determine whether or not the defendant in this case, the American Automobile Insurance Company is liable under their policy of insurance to the plaintiff.

"If you find that the plaintiff has sustained the burden of proof, then, of course, your verdict would be for the plaintiff in the amount of $3,441.31."

We have carefully reviewed the facts and the instructions given by the trial court to the jury, and we are satisfied that the jury was not misled by the instructions given in the light of the decision which was to be reached.

The judgment is affirmed, with costs to plaintiff.

DETHMERS, C. J., and SMITH, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.

The late Justice REID took no part in the decision of this case.