## JAMES HINE ET AL. *v.* AMERICAN MUTUAL LIABILITY INSURANCE COMPANY

COURT OF COMMON PLEAS      JUDICIAL DISTRICT OF WATERBURY

FILE No. 15379

Memorandum filed January 22, 1958.

*Eugene H. Kaplan,* of Waterbury, for the plaintiffs.

*Francis B. Feeley* and *Feeley & Elliott,* both of Waterbury, for the defendant.

MEYERS, J. This action was brought to recover on a comprehensive automobile liability policy issued by the defendant to McCleary Brothers, Inc., hereinafter referred to as McCleary.

The plaintiffs sold a new truck to McCleary on September 23, 1955, and as part payment therefor took title to a 1937 Mack truck. The latter truck continued at all times material to this case to be registered in the name of McCleary. Though the vehicle had no body, McCleary had affixed to its chassis a mechanical cement mixer. After the sale to it of the new truck, McCleary requested and received permission from the plaintiffs to retain possession of and use the 1937 Mack truck. Sometime in January, 1956, McCleary notified the plaintiffs that it had no further use for the truck and that they could pick it up. McCleary failed, however, to detach its cement mixer. Though the plaintiffs agreed to pick up the truck in accordance with McCleary's request, it remained in the middle of McCleary's yard for about one and a half to two weeks. At that time, the president of McCleary directed two of its employees to tow the truck to the end of the yard. The motor was not then in running order, and the braking equipment was insufficient. In this moving the truck was damaged.

The parties to the present action have also agreed that the employees of McCleary were negligent in their handling of the truck and that on January 5, 1957, the plaintiffs were awarded a default judgment against McCleary in the amount of $525 and costs for the damage to the truck. It has been further stipulated that at the time of the occurrence of the damage, McCleary held an automobile policy issued by the defendant and under which the defendant insurer denies coverage.

The clauses of the policy with which we are here concerned are: "INSURING AGREEMENTS. COVERAGE B—PROPERTY DAMAGE LIABILITY. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the

loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of any automobile. . . . EXCLUSIONS. This Policy does not apply: . . . (d) under coverage B, to injury to or destruction of property owned or transported by the insured, or property rented to or in charge of the insured other than a residence or private garage injured or destroyed by a private passenger automobile covered by this policy . . . ."

The plaintiff urges upon the court the maxim of law that any reasonable doubt as to the meaning of an insurance policy must be resolved in favor of the insured. When the words of an insurance contract are, without violence, susceptible of two interpretations, that construction which will sustain the claim and cover the loss must, in preference, be adopted. *Raffel* v. *Travelers Indemnity Co.*, 141 Conn. 389, 392. This rule of construction favorable to the insured extends to exclusion clauses such as that with which we are here concerned. *Muller* v. *Sun Indemnity Co.*, 302 N.Y. 634, 97 N.E.2d 760. Upon the facts as found, however, the words quoted above under the heading "Exclusions" disclose no ambiguity warranting resort to this principle. The portions of the insurance policy with which we are here concerned must therefore be accorded their natural and ordinary meaning. *Smedley Co.* v. *Employers Mutual Liability Co.*, 143 Conn. 510, 513; 29 Am. Jur. 174, § 158 & nn. 9-13.

Liability cannot be imposed upon the defendant insurance carrier simply because McCleary, the policyholder, is legally liable to answer in damages to the plaintiffs. The insurance carrier's liability can arise only because of and under the terms of the insurance contract.

Standing alone, "Coverage B—Property Damage Liability," as set out above, is recognizable as the

usual promise of an insurer to pay any money damages for which the insured has become obligated because of accidental damages to property arising from the policyholder's ownership, maintenance or use of any automobile. As previously noted, however, the policy recites that it shall not apply under the foregoing broad coverage in the situations described under the heading of "Exclusions."

Exclusion (d) of the policy recites in effect that coverage B does not apply to injury or destruction of property (1) owned by the insured; (2) transported by it; (3) rented by it; or, with certain exceptions not applicable here, (4) in its charge.

Ownership of the Mack truck was not in McCleary. Title thereto had passed to the plaintiffs on September 23, 1955, somewhat less than four months before it was damaged. This court cannot agree with the defendant's claim that the truck was "transported" within the meaning of the exclusion. From Webster's New International Dictionary (2d Ed.), it is gathered that the true meaning of the word "transported" is "carried or conveyed from one place . . . to another." There being no claim of rental of the truck by McCleary, we reach the fourth and final situation described in exclusion (d), namely, that of injury or destruction of property in charge of the insured.

McCleary, after having purchased the new truck, requested the loan of the old truck. It retained the latter under a contract, which may be implied from the facts, to use the truck for its own purposes and to restore it to the plaintiffs when it was no longer required. That was the agreement. The legal relationship brought into being between the plaintiffs and McCleary was, upon these facts, one of bailment and the transaction creating the bailment was a gratuitous loan for use. *Zeterstrom* v. *Thomas,* 92 Conn.

702, 704, 1 A.L.R. 392; *Johnson* v. *H. M. Bullard Co.,* 95 Conn. 251, 255. Having purchased a new truck from the plaintiffs and, as part consideration, having transferred ownership of the 1937 Mack truck to the plaintiffs, McCleary became, at its own request, the borrower and bailee of the latter truck. The bailment was of the type sometimes called "commodatum," under which the bailee is obligated to restore the bailed article in specie. 6 Am. Jur. 181, § 11; Story, Bailments (9th Ed.) 205; *Lowney* v. *Knott,* 120 A.2d 552, 554 (R.I.).

From the time of the bailment, McCleary had exclusive use and exercised complete control and direction over the truck. There was attached thereto the bailee's specialized equipment, the cement mixer, which was not removed even after the notice to the plaintiffs by McCleary that it was through with the truck. Until it removed the cement mixer, McCleary would not have completed performance of its duties as a bailee. The fact is that by leaving the cement mixer attached, McCleary was thereby using the truck even if for a limited purpose. Because it was being used by McCleary, the vehicle was "in charge of the insured" within the meaning of the exclusion. *Wyatt* v. *Wyatt,* 239 Minn. 434, 436, 58 N.W.2d 873, 875.

The plaintiffs' contention that McCleary had given up its right to exercise dominion and control over the truck immediately upon the telephone notification to the plaintiffs to come and get it must be rejected. It was "in charge of" McCleary when the damage to it occurred. *Cohen & Powell, Inc.* v. *Great American Indemnity Co.,* 127 Conn. 257, 259; *Lyon* v. *Aetna Casualty & Surety Co.,* 140 Conn. 304, 308, 309; note, 131 A.L.R. 1105.

It seems clear that the intendment of the insurance agreement was to cover McCleary's business oper-

ation but not the liability incurred by it for injury to property which it owned, rented, carried, controlled, exercised dominion over, or was in charge of. Such exclusions are proper items of agreement. 7 Appleman, Insurance Law & Practice, § 4328.

This court finds that the 1937 Mack truck was "in charge of" McCleary as a bailee within the terms of the comprehensive liability policy exclusion (d) and that the property damage liability coverage did not apply to injury to it. This determination means that the plaintiffs cannot recover in the instant cause since they simply stand in the shoes of the insured. General Statutes § 6191.

The issues are therefore found for the defendant. Judgment may enter accordingly. Taxable costs are an incident of the judgment.