William B. SHULTZ, Plaintiff,

v.

COMMERCIAL STANDARD INSUR-
ANCE COMPANY, Defendant.

No. 69–52 Civ.

United States District Court
W. D. Oklahoma.

Jan. 6, 1970.

Frank E. Hensley, Guymon, Okl., for plaintiff.

Duvall, Head, McKinney & Travis, by Rex K. Travis, Oklahoma City, Okl., for defendant.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

Plaintiff, William B. Shultz, sues for declaratory judgment of his rights under a policy of insurance issued to him by Defendant, Commercial Standard Insurance Company. The Defendant counterclaims for declaratory judgment on the same policy. The case has been submitted to the Court by the parties on a Stipulation of Facts and Briefs

Plaintiff was involved in an accident while driving the named vehicle in the policy and towing a trailer for non-business purposes. He was sued by persons injured in the accident. Plaintiff contends that his accident was covered by Defendant's policy issued to him. Defendant contends that the policy contains an exclusion clause which excepts from coverage any damages arising from an accident while the insured is towing a trailer which is not covered by like insurance in the company and it is not liable on the policy for the accident involved as the accident occurred while Plaintiff was towing a trailer and the trailer was not covered by like insurance with Defendant.

The following are the pertinent provisions of the policy:

[Insuring Agreements]

"I Coverage A—Bodily Injury Liability

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

\*     \*     \*     \*     \*     \*

"IV Automobile Defined, Trailers, Private Passenger Automobile, etc.

(a) Automobile. Except with respect to division 2 of coverage C and except where stated to the contrary, the word 'automobile' means:

\* \* \* \* \* \*

(2) Trailer—under coverages A, B and division 1 of coverage C, a trailer not described in this policy, if designed for use with a private passenger automobile, if not being used for business purposes with another type automobile, and under division 1 of coverage C, if not a home, office, store, display or passenger trailer;

[Exclusions]

"This policy does not apply:

(c) under coverages A and B, while the automobile is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company; or while any trailer covered by this policy is used with any automobile owned or hired by the insured and not covered by like insurance in the company;

It is, thus, the contention of Plaintiff that the policy provides coverage for his accident under paragraph IV(a) (2) of the insurance agreement because he was driving the named automobile and was using the towed trailer for non-business purposes at the time of the accident, notwithstanding the exclusion clause. In other words, the construction of the contract suggested by Plaintiff is one that would deprive the exclusion clause of any effect or wholly disregard the same.

■ Exclusions in the body of a policy are as much a part of the contract as the stated coverage and cannot be ignored in construing the policy. See Wyatt v. Wyatt, 239 Minn. 434, 58 N. W.2d 873 (1953). The following rule has been stated in Am.Jur.2d:

"However, since the parties to an insurance contract may make the contract in any legal form they desire, insurance companies have, in the absence of statutory provisions to the contrary, the same right as individuals to limit their liability and to impose whatever conditions they please upon their obligations, not inconsistent with public policy. Consequently, if such exceptions, exclusions, and limitations are plainly expressed, insurers are entitled to have them construed and enforced as expressed." 43 Am. Jur.2d § 279 at p. 341.

Plaintiff admits that the trailer he was towing with his automobile was not covered by like insurance in the company as required by the exclusion but contends that coverage should be based on the language of provision IV(a) (2), supra. As authority for this position, Plaintiff cites the case of Inter-Insurance Exchange of the Chicago Motor Club v. Westchester Fire Insurance Co., 25 Wis.2d 100, 130 N.W.2d 185 (1964), which was concerned with the same policy provisions as set out above (except for a special endorsement not involved in the instant case). Plaintiff quotes the following language from said case as being dispositive of the question now before the Court:

"It appears, therefore, that the body of the policy under 'coverage A' obligates the insurance company in respect to the operation of the named automobile, the half-ton Chevrolet pick-up truck. Under IV 'automobile' is defined to include a trailer (designed for use with a passenger automobile) unless it is being used for business purposes with a non-passenger or commercial type vehicle. Since the phrase in IV(2) 'another type of automobile' follows the phrase 'private passenger automobile,' it is obvious that the phrase 'another type of automobile' refers to a non-passenger or commercial type vehicle. Implicit in this provision of the policy is the proviso that there shall be coverage for all use, business or non-business, with a passenger car. Non-business use with the pick-up truck is also covered. *Only a business use with 'another type of automobile' is denied coverage."* 130 N.W.2d 185 at p. 189 (Emphasis is added by Plaintiff on p. 2 of Plaintiff's Memorandum Brief.)

Plaintiff says that, as analyzed by the Wisconsin Court, what is prohibited by the exclusion is a business use of a trailer and since it is not now contended that the trailer used herein was for business purposes, Plaintiff is covered. However, Plaintiff neglected to mention the next sequential paragraph of the Wisconsin Court which provides:

"The exclusion section provides that there will be no coverage unless auto and trailer are insured with the same company. * * * It is the contention of Motor Club [Plaintiff] that the trailer was additionally insured with Westchester since by definition it was declared to be a vehicle entitled to coverage under IV(2) of Westchester's [Defendant's] policy. *It is agreed by both parties that the trailer would be insured by Westchester as well as Motor Club if it were not for the exclusion clause.*" 130 N.W.2d 185 at p. 189. (Emphasis added by this Court.)

The Wisconsin court found that coverage would have been provided when the pick-up truck was towing a trailer for non-business purposes according to the definition clause (IV(2)). But, the court found that because of the exclusion clause, coverage was not present since both the pick-up truck and trailer were not insured by like insurance with the company as required by said exclusionary clause. It was also held that the endorsement to the policy which is mentioned above did not nullify the exclusion. This case does not support Plaintiff's contention. It does the opposite.

It is not possible to give effect in the circumstances of this case to the definition clause (IV(a) (2)) which affords a non-business trailer coverage as being included within the definition of an automobile and also give effect to the exclusion clause which disallows coverage for an accident in which the named automobile is involved while towing a trailer unless the trailer is insured by like insurance with the company. One provision or the other must prevail. Either the definition clause or the exclusion clause must prevail.

■ It is first necessary for the Court to determine if the insurance policy is ambiguous. If so, the same should be construed in favor of the insured and parol evidence may be received to ascertain the true intent of the parties. Neither party in submitting the case to the Court has claimed that the contract is ambiguous nor has either party requested the introduction of parol evidence to establish the true intent of the parties with reference to the insurance contract. It is not uncommon for insurance policies to contain general insuring clauses and then to contain exclusions or endorsements which subtract or take away from provisions in general insuring clauses. This is what we have in this case. The general insuring agreement provides coverage for a nonbusiness trailer the same as an automobile (as an automobile is defined to include such a trailer) but the exclusion clause provides that the policy does not apply while the named automobile is used for the towing of any trailer which is not covered by like insurance with the company. The policy provides that the parties agree that the same is subject to the limits of liability, exclusions, conditions and other terms of the policy. The exclusion clause involved is clearly set out and printed in the same size type as the rest of the policy and is clearly labeled "exclusions" in black face type. In these circumstances, the Court finds that the insurance policy is not ambiguous. Therefore, the rule that an insurance contract is to be construed in favor of the insured and against the insurer and the rule that parol evidence may be admitted to ascertain the true meaning of an ambiguous contract do not come into play in this case because it cannot be fairly said that there is a real ambiguity in the terms of the policy. Randolph v. Fireman's Fund Ins. Co., 255 Iowa 943, 124 N.W.2d 528, 8 A.L.R.3d 907.

The Court finds and concludes that the said exclusion set forth in the policy

must prevail over the definition provision in the policy as clearly marking the boundary of coverage as agreed upon by the parties by their contract. Electron Machine Corp. v. American Mercury Insurance Co., 297 F.2d 212 (Fifth Cir. 1961;[1] Ness v. National Indemnity Company of Nebraska, 247 F.Supp. 944 (D.Alaska 1965). Judgment should, therefore, be entered in favor of the Defendant on the issues presented herein. Counsel for Defendant will prepare an appropriate judgment for the signature of the Court.

1.  This case states:
    "The exclusionary clause marks the boundary of the coverage of the policy. The hazards against which a company is to insure are usually in the category

of its business and the courts will not undertake to review its judgment or to hold it to the coverage of risks which it has expressly excluded." 297 F.2d at p. 214.