NORBERT H. BOEDIGHEIMER v.
CLARION GEORGE TAYLOR.
STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, GARNISHEE.

178 N. W. (2d) 610.

June 19, 1970—No. 41645.

*Robins, Meshbesher, Singer & Spence, Kenneth Meshbesher,* and *Morley Friedman,* for appellant.

*Meagher, Geer, Markham & Anderson, James W. Torke,* and *O. C. Adamson II,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

SHERAN, JUSTICE.

Appeal from a judgment and from an order of the district court denying plaintiff's motion for a new trial.

Plaintiff brought an action against defendant, Clarion Taylor, to recover damages for personal injuries sustained as a result of an accident which occurred on June 16, 1965, when a 1960 Studebaker Lark automobile driven by Taylor collided with the rear end of an automobile driven by plaintiff. Taylor did not contest liability and stipulated to be bound by the trial court's determination of damages. Pursuant to the trial court's findings of fact, judgment was entered for plaintiff in the sum of $10,000, plus costs. Plaintiff then served garnishment process upon State Farm Mutual Automobile Insurance Company (hereinafter State Farm), Taylor's insurer, requiring State Farm to disclose its indebtedness to Taylor. State Farm responded that it was not indebted to Taylor. Upon leave of the trial court, plaintiff then served a supplemental complaint upon State Farm, alleging that State Farm was liable for the judgment under the terms of its automobile liability insurance policy issued to Taylor. State Farm again denied liability, asserting that the accident was excluded from coverage under the policy because the automobile driven by Taylor was owned by another person and failed to satisfy the following definition of the "non-owned automobile" insurance provision:

"* * * [A]n automobile * * * not

"(i) owned by

"(ii) registered in the name of, or

"(iii) furnished or available for the frequent or regular use of the named insured, his spouse, or any relative of either residing in the same household, other than a temporary substitute automobile."

The garnishment action proceeded to trial on the factual question of whether the Studebaker Lark was "furnished or available for the frequent or regular use" of Taylor. The evidence indicated that the only automobile owned by Taylor was a 1955 Chevrolet with automatic transmission, the car described in the State Farm policy. The Lark was owned by William Knoll, Taylor's father-in-law. Because Knoll was hospitalized during the period involved, the Lark was parked at the Knoll residence. Mrs. Knoll did not drive. Taylor's wife, Nancy, was unable to drive the Lark because it had a standard transmission. Taylor testified to an understanding with Mr. Knoll that Taylor would be allowed to use the Lark whenever he needed or wanted it, but that he would have to ask permission of Mrs. Knoll on the occasion of each use and obtain the key from her. He stated that Mr. Knoll approved of Taylor's use of the Lark because Knoll desired to have the car started occasionally.

Taylor testified to approximately eight occasions when he used the Lark prior to the accident. On four of these occasions, he used it as a temporary substitute for his Chevrolet, which was then being repaired. Twice he used it to bring his mother-in-law to the hospital to see Mr. Knoll, and once to take her shopping. On the occasion of the accident, Taylor had obtained the Lark for his personal use because his wife needed the Chevrolet.

In an effort to impeach the foregoing testimony, State Farm cross-examined to show prior statements by Taylor in which it was acknowledged that on the occasion of the accident Taylor had had possession of the Lark for 2 days, that the Lark "was available for me when I wanted to use it," and that "Mr. Knoll

had told his wife that if I wished to use his car, I could, as he wanted to keep it in running condition." Mrs. Taylor testified that the Lark had been kept overnight at the Taylor residence on four or five occasions prior to the accident.

At the close of evidence in the garnishment action, the following special interrogatory was submitted to the jury:

"Was the Studebaker Lark automobile of William Knoll furnished to or available for the regular or frequent use of Clarion Taylor or his wife Nancy, having in mind all the evidence and law given you in these instructions?"

The trial court instructed:

"* * * [T]he terms or the words 'furnished and available' are words of such common usage that they are self-explanatory, and you should interpret them in the ordinary and usual use of such words. The words or terms 'frequent and regular,' as referring to the use of the car, these words also are mostly self-explanatory, but should be considered by you as a Jury as those words might be commonly applied to the use of an automobile as far as this case and your answering the interrogatory here is concerned.

"* * * In determining whether or not the Studebaker Lark car of Mr. Knoll was furnished or made available for the frequent or regular use of Clarion Taylor or his wife, Nancy Taylor, you should not consider those times when the Studebaker Lark car of Mr. Knoll was used as a temporary substitute automobile for the Taylor-owned 1955 Chevrolet automobile because of the breakdown, repair or servicing of the Taylor-owned 1955 Chevrolet automobile. Also in considering this question, the question for you to answer is not whether the Taylors, Mr. or Mrs. Taylor, actually used the Studebaker Lark car of Mr. Knoll frequently, but whether it was available for them to use frequently and regularly when Mr. and Mrs. Taylor so chose to use it.

"* * * Now, the burden of proof * * * is upon the plaintiff. In other words, * * * the plaintiff, Mr. Boedigheimer in this

case, has the burden of proving whether the interrogatory should be answered as they claim it should be or not."

The jury answered the special interrogatory in the affirmative, judgment was entered, and this appeal resulted.

■ Plaintiff's primary contention on appeal is that he is entitled to judgment notwithstanding the verdict because as a matter of law the Lark automobile was not "furnished or available" for Taylor's "regular or frequent use." Plaintiff recognizes that the terms of an insurance policy are to be given their ordinary meaning, as well as the interpretations adopted in prior cases, but he contends that the facts concerning Taylor's use of the Lark could not reasonably be held to satisfy those meanings. Alternatively, plaintiff contends that if the issue of "regular or frequent use" was correctly submitted to the jury, the trial court erred in failing to define these terms for the jury as "principal or habitual use rather than occasional or incidental use," or using other proposed definitions, and in failing to instruct that any ambiguity in the words of an insurance policy is to be construed against the insurer.[1] Combined, these theories contest the propriety of submitting to the jury as a special interrogatory a factual question containing terms taken directly from the policy.

While it is true that the construction of terms in an insurance policy is a question of law for the trial court,[2] there is no need to define or interpret words which are clear and unambiguous. Unambiguous words are to be given their natural and ordinary meaning taken in their popular sense, giving effect to the purposes of the document as a whole.[3] In Simon v. Milwaukee Auto.

[1] See, Bauman v. Midland Union Ins. Co. 261 Wis. 449, 53 N. W. (2d) 529.

[2] Honeymead Products Co. v. Aetna Cas. & Surety Co. 275 Minn. 182, 146 N. W. (2d) 522; 44 Am. Jur. (2d) Insurance, § 2064.

[3] Anderson v. Connecticut Fire Ins. Co. 231 Minn. 469, 43 N. W. (2d) 807; Tomlyanovich v. Tomlyanovich, 239 Minn. 250, 58 N. W. (2d) 855; Gabrelcik v. National Ind. Co. 269 Minn. 445, 131 N. W. (2d) 534.

Mutual Ins. Co. 262 Minn. 378, 115 N. W. (2d) 40, we held the phrase "furnished for regular use" to be unambiguous. The phrase here in question is equally clear. Therefore, there was no error in submitting to the jury a special interrogatory containing terms used in the insurance policy, with instructions that such terms were to be given their common and ordinary meaning, in order to determine the factual issue of whether the contractual requirements had been satisfied.[4]

The evidence is adequate to support the verdict rendered in this case. The purpose of an exclusionary clause of the type here involved is to prevent coverage of two or more automobiles when only a single automobile is insured.[5] This being so, consideration is to be given to the agreement by which the owner of the insured automobile was permitted to use the non-owned automobile, as well as his actual use thereof.[6] The evidence presented was adequate to support a finding that the Lark automobile was "furnished or available" for Taylor's "regular or frequent use," and the verdict must stand.[7]

■ Plaintiff also contends on appeal that it was error to instruct the jury that the burden of proof in the garnishment action rested on the plaintiff. An instruction requested by plaintiff would have placed on him the burden of establishing merely that State Farm had issued an insurance policy to Taylor and that it extended coverage to certain non-owned automobiles, following which the burden of proof would shift to State Farm, requiring it to show that the use of the automobile which resulted in this

---

[4] Honeymead Products Co. v. Aetna Cas. & Surety Co. *supra*; Harter v. Country Mutual Ins. Co. 20 Ill. App. (2d) 413, 156 N. E. (2d) 243; George B. Wallace Co. v. State Farm Mutual Auto. Ins. Co. 220 Ore. 520, 349 P. (2d) 789.

[5] Simon v. Milwaukee Auto. Mutual Ins. Co. 262 Minn. 378, 115 N. W. (2d) 40; Farm Bureau Mutual Auto. Ins. Co. v. Marr (D. N. J.) 128 F. Supp. 67. See, St. Paul Fire & Marine Ins. Co. v. Nyquist, 286 Minn. 157, 175 N. W. (2d) 494.

[6] George B. Wallace Co. v. State Farm Mutual Auto. Ins. Co. *supra*.

[7] Gardner v. Germain, 264 Minn. 61, 117 N. W. (2d) 759.

accident was excluded from coverage under the policy. As plaintiff recognizes, the requested instruction would greatly increase and intensify the onus of an insurer defending an action of this sort.

It is axiomatic that the burden of proof rests upon the party claiming coverage under an insurance policy.[8] However, in Anderson v. Connecticut Fire Ins. Co. 231 Minn. 469, 43 N. W. (2d) 807, we recognized the following limitation upon that rule: Where the insured establishes a prima facie case of coverage, he is entitled to go to the jury and the burden of proof then shifts to the insurer to prove facts establishing avoidance of liability under the insurance policy as an affirmative defense. We are therefore faced with the question of whether the clause involved in this case is such a provision for avoidance of liability under the policy that the insurer is bound to plead and prove as an affirmative defense that its terms were satisfied.

Although there is authority to the contrary,[9] we think the better view is that the party claiming coverage under the non-owned automobile provision of the insurance policy has the burden of proving that such automobile was not "furnished or available for the regular or frequent use of the named insured." The provision for coverage of non-owned automobiles is inserted in automobile liability insurance contracts as a convenience to the insured. Such coverage must be restricted in order to prevent the insured from driving any number of additional automobiles and claiming coverage for all of them. Therefore, we hold that in order for the claimant to establish prima facie coverage under the non-owned automobile provision, he must prove not only the existence of the contract but also compliance with the requirements of the non-owned automobile provision. A prima facie case for coverage of a non-owned automobile is not established merely

---

[8] E. g., cases cited in 46 C. J. S., Insurance, § 1316b; 19 Couch, Insurance (2 ed.) § 79:351.

[9] Wendorff v. Missouri State Life Ins. Co. 318 Mo. 363, 1 S. W. (2d) 99; Kelso v. Kelso (Mo.) 306 S. W. (2d) 534.

by showing that the insured used a non-owned automobile. All automobiles not owned by an insured would fit in this category. It would be unreasonable to assert that coverage extended to all such automobiles. It would be an inordinate burden on the insurer to be required to prove that the circumstances of the use of any or all such automobiles failed to satisfy the literal requirements of the non-owned automobile provision. For these reasons, we approve the trial court's instruction that the burden of proof in this case rested on the plaintiff.[10]

Affirmed.

---

[10] See, Harter v. Country Mutual Ins. Co. *supra;* Clark v. Hacker, 345 Mich. 751, 76 N. W. (2d) 806; Chronister v. State Farm Mutual Auto. Ins. Co. 72 N. Mex. 159, 381 P. (2d) 673; Neal v. United States Fire Ins. Co. (Tex. Civ. App.) 427 S. W. (2d) 676; 21 Appleman, Insurance Law and Practice, § 12094.