John L. LeDOUX, Appellant,

v.

IOWA NATIONAL MUTUAL INSURANCE COMPANY, Respondent.

No. 47703.

Supreme Court of Minnesota.

Jan. 13, 1978.

Grose, Von Holtum, Von Holtum, Sieben & Schmidt, and Douglas E. Schmidt, Worthington, for appellant.

Gislason, Dosland, Malecki, Gislason & Halvorson, and S. P. Gislason, New Ulm, for respondent.

Heard before KELLY, TODD and SCOTT, JJ., and considered and decided by the court en banc.

SCOTT, Justice.

This is an appeal from an order for summary judgment in favor of defendant, Iowa National Mutual Insurance Company.

Plaintiff, John L. LeDoux, commenced this action against defendant, his automo-

bile liability insurer, seeking a declaration that defendant be obligated to pay all sums which plaintiff would become obligated to pay as a result of an automobile-motorcycle accident in Iowa. After the other parties involved in the accident obtained a verdict of $135,000 against plaintiff in a separate action, plaintiff amended his complaint to seek $50,000. The district court granted defendant's motion for summary judgment and dismissed the action with prejudice. Plaintiff now appeals to this court. We affirm.

On July 22, 1974, plaintiff, an employee of the Worthington Daily Globe in Worthington, Minnesota, while driving his employer's automobile in the course of delivering newspapers, was involved in a collision with a motorcycle in Ocheyedan, Iowa. Plaintiff had been employed by the Globe since June 1, 1973.

Five days each week plaintiff went to his employer's place of business, picked up an automobile owned by the employer, and drove the vehicle for the purpose of delivering newspapers to various locations between Round Lake, Minnesota, and Spirit Lake, Iowa. The route took approximately 3 hours to travel. The employer's vehicle was not available to plaintiff for any purpose other than delivering newspapers and had never been used by him for personal purposes.

At the time of the accident, plaintiff's employer maintained a policy of insurance in the amount of $100,000 on the automobile driven by plaintiff. The plaintiff owned a separate, personal automobile which was insured by defendant. Plaintiff claims coverage under this latter policy, which provides:

"LIABILITY COVERAGE. The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, arising out of the ownership, maintenance or use of an owned automobile or a *non-owned automobile* * * *." (Italics supplied.)

The liability portion of the policy defines "non-owned automobile" as—

" * * * an automobile not *owned by or furnished or available for the regular use of either the named insured* or any resident of the same household, and includes, while used therewith, a home trailer not owned by the named insured or a utility trailer, but 'non-owned automobile' does not include a temporary substitute automobile." (Italics supplied.)

Furthermore, exclusion (h) of the liability coverage section of the policy provides that the policy does not apply—

"(h) to a non-owned automobile while maintained or used by any person while such person is employed or otherwise engaged in any other business or occupation, but this exclusion does not apply to a private passenger automobile operated or occupied by the named insured or his private chauffeur or domestic servant, or a utility trailer used therewith."

The issues presented on appeal are:

(1) Are the liability coverage provisions of defendant's policy ambiguous?

(2) Did the district court err in granting summary judgment by holding that no question of material fact existed?

1. Plaintiff contends that the language of the policy in question concerning coverage is ambiguous and that the trial court therefore erred in denying plaintiff coverage since ambiguities in a policy of insurance are to be construed in favor of the insured. E. g., *Northwest Airlines, Inc. v. Globe Indemnity Co.*, 303 Minn. 16, 26, 225 N.W.2d 831, 837 (1975). The district court ordered summary judgment, determining that the policy was not ambiguous and that coverage was not provided because the employer's automobile was regularly and frequently used by plaintiff and therefore was not a "non-owned" vehicle as defined by the policy.

By construing the policy definition of "non-owned automobile" together with the language of the exclusion (h), plaintiff argues that there is an ambiguity in the coverage provisions of the policy. According to plaintiff's construction, the definition of

a "non-owned automobile" is "completely silent as to its applicability to employment or business uses," but exclusion (h) relates to the business use of an automobile. Consequently, it is argued that "[t]he 'non-owned automobile' definition sets forth the conditions of coverage when a non-owned automobile is used for personal purposes and exclusion [h] establishes coverage conditions of a vehicle when it is used in a business function." Plaintiff thus asserts that the "non-owned automobile" definition relates "only to non-business situations not covered by exclusion h." In addition, plaintiff asserts that the policy provides coverage through exclusion (h), which states that the exclusion "does not apply to a private passenger automobile operated or occupied by the named insured * * *." This, plaintiff contends, means that the policy provides coverage in situations where a private-passenger vehicle, such as he was driving at the time of the accident, is operated by the named insured in a business situation and "[b]ecause this interpretation opens the policy language to two interpretations, the policy is ambiguous."

■ Plaintiff's contention that there is an ambiguity and, therefore, coverage under the policy is based on the erroneous premise that an exclusion in the policy can be used to enlarge the coverage of the policy. In *Wyatt v. Wyatt*, 239 Minn. 434, 58 N.W.2d 873 (1953), we held that stated exclusions in an endorsement cannot be used to enlarge the coverage of the policy. The plaintiff in *Wyatt* argued that since a provision of the policy excluded certain categories of automobiles from coverage, the policy should be read as including all automobiles not included in the exclusion. Responding to this argument, we stated:

"* * * Instead of enlarging the insured's coverage, as plaintiff contends, [the exclusion] provides a further limitation not provided for in the policy itself. It is not to be construed as a provision for extending coverage but, on the contrary, must be construed as expressly excluding the risks therein stated." 239 Minn. 438, 58 N.W.2d 876.

Based upon the principles set forth in *Wyatt*, exclusion (h) of the policy in dispute cannot be used to expand the coverage contained in the liability coverage provisions but can be used only to limit coverage. Exclusion (h) thus has no bearing on the issue of whether the coverage provisions of the policy are ambiguous in this case.

■ Thus, in determining whether the policy is ambiguous, this court need consider only the coverage provisions of the policy as defined therein. Because only "owned" and "non-owned" automobiles are covered by the policy and plaintiff does not contend that he was using an "owned" automobile at the time of the accident, he must prove he was using a "non-owned automobile." The policy defines a "non-owned automobile" as "an automobile not owned by or furnished or available for the regular use of either the named insured or any resident of the same household * * *." We have held that the phrase "furnished for regular use" is unambiguous. *Boedigheimer v. Taylor*, 287 Minn. 323, 178 N.W.2d 610 (1970); *Simon v. Milwaukee Auto. Mutual Ins. Co.*, 262 Minn. 378, 115 N.W.2d 40 (1962). Thus, plaintiff's argument that the policy is ambiguous has no merit.

2. Plaintiff contends that the district court erred in finding that no material fact was in dispute regarding the "regular use" of the automobile and therefore that summary judgment should not have been granted.

■ Summary judgment may be granted only where there is no genuine issue as to any material fact and either party is entitled to judgment as a matter of law. Rule 56.03, Rules of Civil Procedure. The issue of whether a vehicle is regularly used is normally a question of fact for the jury. E. g., *Van Overbeke v. State Farm Mutual Auto. Ins. Co.*, 303 Minn. 387, 393, 227 N.W.2d 807, 811 (1975); *Boedigheimer v. Taylor, supra.*

■ In the present case, plaintiff admits the facts are not disputed but contends that "the inferences which can be drawn from

the facts are such that a material fact question exists as to whether the [p]laintiff's use of the Worthington Daily Globe's vehicle constituted regular use."

We have held that the words "furnished for regular use" in the definition of "non-owned automobile" should be given their ordinary and common meaning. *Boedigheimer v. Taylor, supra; Simon v. Milwaukee Auto. Mutual Ins. Co. supra.* In discussing the issue of "regular use," we stated in *Boedigheimer* that consideration should be given to both the agreement between the insured and the owner of the involved automobile and the actual use of the automobile by the insured. The clause should also be construed in light of its purpose as outlined in *Boedigheimer*, as follows:

" * * * The provision for coverage of non-owned automobiles is inserted in automobile liability insurance contracts as a convenience to the insured. Such coverage must be restricted in order to prevent the insured from driving any number of additional automobiles and claiming coverage for all of them." 287 Minn. 329, 178 N.W.2d 614.

In this case, only one inference can be drawn from the evidence submitted to the district court at the time it considered the motion for summary judgment. The uncontradicted evidence is that plaintiff used his employer's automobile for 15 hours per week over a period exceeding 1 year. By defendant's calculations, plaintiff drove the vehicle over 20,000 miles per year or 90 miles per day. Any inferences to be drawn reasonably from such facts lead to but one conclusion, and thus the district court properly determined as a matter of law that plaintiff was regularly using his employer's automobile. The district court's decision to grant summary judgment in favor of defendant is therefore affirmed.

Affirmed.