**GRINNELL MUTUAL REINSURANCE COMPANY, Respondent,**

v.

**Harvey ANDERSON, Appellant,**

**Victory Industries, et al., Respondents.**

No. C3–88–270.

Court of Appeals of Minnesota.

Aug. 16, 1988.

Kay Nord Hunt, V. Owen Nelson, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for Grinnell Mut. Reinsurance Co.

David L. Stowman, Detroit Lakes, for Harvey Anderson.

Charles A. Krekelberg, Williams, Nitz, Krekelberg & Stringer, Pelican Rapids, for Victory Industries, et al.

Heard, considered, and decided by CRIPPEN, P.J., WOZNIAK, C.J., and SHORT, J.

## OPINION

WOZNIAK, Chief Judge.

This appeal is from a trial court's declaratory judgment holding that Grinnell Mutual Reinsurance Company's (Grinnell) insurance policy covering Duane Valley's family car did not cover Valley while he was driving a pickup truck owned by Victory Industries (Victory). We affirm.

## FACTS

On February 2, 1982, Valley was involved in an accident when the pickup truck he was driving, which was owned by Victory, collided with a vehicle driven by appellant Harvey Anderson. At the time of the accident, Valley was using Victory's pickup truck for the dual purpose of taking his son to a doctor and picking up building materials for use by Victory in the course of its business.

The pickup truck driven by Valley was one of five vehicles owned by Victory which were available to Victory's employees for business purposes. According to company policy, none of these vehicles were available to Victory's employees for nonbusiness uses. Despite this policy, Valley, who was president and sole shareholder of Victory at the time of the accident, used Victory's vehicles for personal purposes, including running errands and driving home at night.

Following the accident, Anderson entered into a settlement agreement with Victory and Valley. This settlement agreement provided for entry of judgment against Valley and Victory in the amount of $600,000, collectible only against insurance proceeds. Anderson has collected $300,000 from Victory's insurer. The present action involves Anderson's attempt to collect insurance proceeds from Valley's insurer, Grinnell.

Grinnell contends, and the trial court agreed, that exclusions 6 and 10, which are contained in its policy of insurance covering Valley's personal car, precluded coverage to Valley while he was driving Victory's pickup truck. These provisions, in pertinent part, provide that the following damages are excluded from coverage:

(6) *Bodily injury or property damage* arising out of the * * * use of any vehicle except a *private passenger car* by any person employed or otherwise engaged in a business other than the auto business.

\* \* \* \* \* \*

(10) *Bodily injury or property damage* arising out of the * * * use of any vehicle, other than *your insured car,* which is * * * available for regular use by you.

(Emphasis in original.)

Anderson challenges the trial court's finding that Valley's policy with Grinnell did not cover Valley while driving Victory's pickup truck. Specifically, Anderson argues that the record does not support the trial court's conclusion that Victory's pickup truck was available for Valley's "regular use" and that Victory's pickup truck was not a "private passenger car" as defined by Grinnell's policy.

## ISSUE

Did the trial court err in concluding that Victory's pickup truck was available for Valley's regular use and, consequently, that Valley's policy with Grinnell did not cover Valley while driving Victory's pickup truck?

## ANALYSIS

■ A party claiming coverage under a nonowned automobile provision of an insurance policy has the burden of proving that such automobile was not "furnished or available for the regular or frequent use of the named insured." *Boedigheimer v. Taylor,* 287 Minn. 323, 329, 178 N.W.2d 610, 614 (1970). The resolution of this question is ordinarily determined by the finder of fact, and the trial court's determination should not be set aside unless clearly erroneous. *Id.,* 287 Minn. at 328, 178 N.W.2d at 613; Minn.R.Civ.P. 52.01.

■ The phrase "furnished or available for * * * frequent or regular use" is unambiguous and should be given its common

and ordinary meaning in determining whether contractual requirements have been satisfied. *Boedigheimer,* 287 Minn. at 327, 178 N.W.2d at 613. In reaching the determination, consideration should be given both to the agreement between the insured and the owner of the involved vehicle and to the actual use of the vehicle by the insured. *Id.* at 328, 178 N.W.2d at 613.

Consideration should also be given to the purpose for including nonowned automobile provisions in insurance policies. Nonowned automobile provisions in automobile liability insurance contracts were not intended to permit insureds to drive any number of additional vehicles and claim coverage for all of them. Rather, the provisions were inserted into the liability policies for the convenience of the insureds. *Id.* at 329, 178 N.W.2d at 614.

In the present case, the evidence supports the trial court's conclusion that Victory's pickup truck was available for Valley's regular use. We reject Anderson's attempt to minimize the importance of Valley's business use of Victory's pickup truck. The Minnesota Supreme Court, in *Ledoux v. Iowa National Mutual Insurance Co.,* 262 N.W.2d 418 (Minn. 1978), interpreted the phrase "furnished or available for regular use" to include business use of nonowned vehicles. In that case, the plaintiff was injured while driving his employer's automobile in the course of delivering newspapers. The employer's vehicle was not available to plaintiff for any purpose other than delivering newspapers and had never been used by him for personal purposes. Despite the lack of any personal use of the vehicle by the employee, the Minnesota Supreme Court concluded that the employer's vehicle was available for the employee's regular use.

We also reject Anderson's categorization of Valley's personal use of Victory's pickup truck as occasional. Valley admitted during testimony that he had used the pickup truck to run personal errands and had taken it home at night for nonbusiness purposes. This testimony indicates that Valley's use of Victory's pickup truck was regular, and not occasional. The trial

court's findings are not clearly erroneous and will not be set aside.

Finding that Victory's pickup truck was available for Valley's regular use and, consequently, that exclusion 10 of Valley's policy with Grinnell precluded coverage to Valley while driving Victory's pickup truck, we need not determine whether coverage to Valley is also precluded by exclusion 6.

### DECISION

For the reasons stated, the declaratory judgment of the trial court is affirmed.

Affirmed.