*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1420**

North Star Mutual Insurance Company,
Respondent,

vs.

Julie Joy Kruger, as trustee for the heirs and
next of kin of Todd Michael Kruger,
Appellant,

Michael Allen Dahl, et al., Defendants.

**Filed May 2, 2016
Reversed and remanded
Klaphake, Judge***

Pipestone County District Court
File No. 59-CV-13-463

Daniel Stahley, Provo-Petersen & Associates, P.A., Lake Elmo, Minnesota (for respondent)

Lance Redlinger, Redlinger Law Firm P.A., St. Paul, Minnesota; and Gregory J. Johnson, G Johnson Law PLLC, Apple Valley, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Ross, Judge; and Klaphake, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KLAPHAKE**, Judge

In this appeal from summary judgment in favor of respondent North Star Mutual Insurance Company, appellant Julie Joy Kruger, as trustee for the heirs and next of kin of Todd Michael Kruger, argues that the district court erred by determining as a matter of law that (1) the minor driver was not a "resident relative" insured under the terms of his father's policy; and (2) an exclusion for "regular use" of a nonowned vehicle barred coverage. In the alternative, she argues that there are genuine issues of material fact. Because there are genuine issues of material fact as to whether the driver was a resident of his father's household and whether the vehicle was available for his regular use, we reverse and remand.

## DECISION

Summary judgment is appropriately granted when the record demonstrates "that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. "When hearing motions for . . . summary judgment, [district] courts are not asked to weigh evidence, determine credibility, resolve factual disputes, and decide the merits of a plaintiff's case. Instead, a court's duty . . . is simply to determine whether genuine issues of material fact exist, not how such issues should be resolved." *Foley v. WCCO Television, Inc.*, 449 N.W.2d 497, 506 (Minn. App. 1989) (quotation and emphasis omitted), *review denied* (Minn. Feb. 9, 1990), *cert. denied*, 497 U.S. 1038 (1990). A genuine issue of material fact exists if reasonable persons might

draw different conclusions based on the evidence. *DLH, Inc. v. Russ*, 566 N.W.2d 60, 69 (Minn. 1997).

Appellate courts "review a district court's grant of summary judgment de novo to determine whether any genuine issue of material fact exists and whether the district court erred in applying the law." *Larson v. Nw. Mut. Life Ins. Co.*, 855 N.W.2d 293, 299 (Minn. 2014). "[W]e view the evidence in the light most favorable to the nonmoving party . . . and resolve all doubts and factual inferences against the moving part[y]." *Rochester City Lines, Co. v. City of Rochester*, 868 N.W.2d 655, 661 (Minn. 2015). "Because summary judgment is a blunt instrument, its use should be limited to cases in which it is perfectly clear that no issue of fact is involved." *Foley*, 449 N.W.2d at 506 (quotations omitted).

## I.     Resident Relative

Kruger contends that there is a genuine issue of material fact as to whether the driver was a resident relative under his father's policy because a fact-finder could reasonably find that the driver was a resident of his father's household, and that the district court erred when it weighed the evidence. We agree.

When determining whether someone is a "resident" for insurance purposes, we consider three factors: (1) whether the individual and the insured are living together under the same roof; (2) whether the individual and the insured have a close, intimate, and informal relationship; and (3) whether "the intended duration is likely to be substantial, where it is consistent with the informality of the relationship, and from which it is reasonable to conclude that the parties would consider the relationship in contracting about such matters as insurance or in their conduct in reliance thereon." *Firemen's Ins. Co. of*

3

*Newark, N.J. v. Viktora*, 318 N.W.2d 704, 706 (Minn. 1982) (quotation omitted). Here, the district court concluded that as a matter of law the driver was not a resident of his father's household. The district court reasoned that (1) "the *weight of the evidence* is that [the driver] and [his father] did not 'dwell together under the same roof,'" (2) "[t]here was not a consistent schedule set up in which [the driver] knew he would be at his father's house," and (3) "[the father] made a conscious decision not to insure his son." (Emphasis added).

Our review of the district court's memorandum suggests that, in concluding whether the driver was a resident of his father's household, the district court engaged in fact finding by weighing the conflicting evidence presented. In its memorandum, the district court specifically stated that its conclusion was based on the "weight of the evidence." It also did not address the facts most favorable to Kruger. *See Carlson v. SALA Architects, Inc.*, 732 N.W.2d 324, 329 (Minn. App. 2007) ("In selecting certain evidence over conflicting countervailing evidence; in ruling that [defendant's] countervailing evidence was either not believable or not reasonable; and in giving more weight to some evidence than other evidence, the court usurped the precise functions reserved to the jury under our system of jurisprudence."), *review denied* (Minn. Aug. 21, 2007). For example, the district court did not address that there was deposition testimony that the driver had a bedroom at his father's house with a bed and a dresser, and that he kept some clothes and other personal items at his father's house. Viewing the evidence in the light most favorable to Kruger, we conclude that there is a genuine issue of material fact as to whether the driver was a resident

4

of his father's household because reasonable persons might draw different conclusions based on the evidence.

## II.     Regular-use Exclusion

Kruger contends that there is a genuine issue of material fact as to whether the exclusion for regular use of a nonowned vehicle barred coverage because a fact-finder could reasonably find that the vehicle was not available for the driver's regular use, and that the district court erred by not considering the driver's mother's affidavit testimony. We agree.

To determine whether a vehicle was available for regular use, we consider (1) any "agreement between the insured and the owner of the involved vehicle," (2) "the actual use of the vehicle by the insured," and (3) "the purpose for including nonowned automobile provisions in insurance policies." *Grinnell Mut. Reinsurance Co. v. Anderson*, 427 N.W.2d 274, 276 (Minn. App. 1988). Here, the district court concluded that as a matter of law the vehicle was available for the driver's regular use. The district court reasoned that "[t]he deposition testimony indicates that" although "the vehicle primarily belonged to [the driver's mother], . . . [the driver] could use it with his mother's permission, and that he preferred to use that vehicle because it got better gas mileage."

Our review of the district court's memorandum suggests that, in concluding whether the vehicle was available for the driver's use, the district court engaged in fact finding by only relying on certain evidence and not considering conflicting evidence presented. In its memorandum, the district court stated that "no evidence [was] presented . . . suggest[ing that the driver] did not have access to the vehicle on a regular basis." But

5

the driver's mother's supplemental affidavit presented such evidence.  In her affidavit, the driver's mother specifically stated that the vehicle "was not available for [the driver's] regular or frequent use," and that "[i]t was [her] vehicle and [she] actually preferred he did not drive it."  She also stated that she "had the [vehicle] most of the time at work or for personal driving so it . . . was not available for [the driver] to drive as a practical matter," and that the driver "did not have a key to [the vehicle], nor did he have access to the spare key."  Viewing the evidence in the light most favorable to Kruger, we conclude that there is a genuine issue of material fact as to whether the vehicle was available for the driver's regular use because reasonable persons might draw different conclusions based on the evidence.

In sum, because there are genuine issues of material fact as to whether the driver was a resident relative of his father's household and whether the vehicle was available for his regular use, summary judgment for North Star Mutual Insurance Company was improperly granted.

**Reversed and remanded.**