**James C. CURTIS and Mary Beth Curtis**

v.

**ALLSTATE INSURANCE COMPANY.**

**Civ. A. No. 78–2669.**

United States District Court,
E. D. Louisiana.

July 16, 1979.

Vincent Glorioso, Jr., Kierr, Gainsburgh, Benjamin, Fallon & Lewis, New Orleans, La., Frank D'Amico, New Orleans, La., for plaintiffs.

John Hainkel, Porteous, Toledano, Hainkel & Johnson, New Orleans, La., for defendant.

DUPLANTIER, District Judge.

This matter is before the Court on a motion for summary judgment on behalf of defendant Allstate Insurance Company. For the following reasons, the motion is granted and the plaintiff's suit is hereby dismissed.

The facts of the case are simple and uncontested. Plaintiff, James C. Curtis, was driving his MGB car, with plaintiff Mary Beth Curtis as a passenger, in the vicinity of the town of Matamoros, Mexico, when their car was struck by a vehicle operated by an unidentified Mexican national. For the purposes of this motion it is assumed by all parties that the Mexican driver was uninsured. Plaintiffs filed suit against Allstate under the uninsured motorist (U.M.) provisions of Allstate's policy issued to the plaintiffs on their MGB.

■ The issue presented is whether a general condition in the Allstate insurance policy, which limits coverage thereunder to accidents which occur in the United States and Canada, is invalid as applied to U.M. coverage because against the public policy of Louisiana as embodied in LSA–R.S. 22:1406 D(1)(a), which provides in pertinent part as follows:

(1)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits.

Plaintiffs rely upon a series of Louisiana appellate cases which have held various provisions which restrict or defeat U.M. coverage to be void as against public policy. However, the various restrictions which have been held void in those cases were restrictions applicable only to the uninsured motorist part of the insurance policies involved. They were not general conditions of coverage applicable to the entire policy, as is the geographical restriction involved herein, but were specific attempts to limit or defeat the insurer's U.M. coverage. The Louisiana courts have voided "consent to settle" clauses, *Hebert v. Green,* 311 So.2d 223 (La.1975) and *Niemann v. Travelers Insurance Co.,* 368 So.2d 1003 (La.1979); "pro rata" clauses, *Graham v. American Casualty Co.,* 261 La. 85, 259 So.2d 22 (1972); an "excess" provision of an "other insurance" clause, *Deane v. McGee,* 261 La. 686, 260 So.2d 669 (1972); a "reduction" clause, *Smith v. Trinity Universal Insurance Co.,* 270 So.2d 637 (La.App. 2–1972); a provision excluding coverage when the insured is occupying an uninsured auto owned by the named insured or a relative, *Elledge v. Warren,* 263 So.2d 912 (La.App. 3–1972); and a provision excluding coverage when an insured is occupying a "highway vehicle" owned by the insured or a relative, *Thomas v. Nelson,* 295 So.2d 847 (La.App. 1–1974) *writ denied,* 299 So.2d 791.

Based on those decisions, a federal district court struck down a subrogation clause which provided that the U.M. insurer be reimbursed from the plaintiff's recovery against a third-party tort-feasor, *Perez v. Ford Motor Co.,* 408 F.Supp. 318 (E.D.La. 1975) *aff'd,* 527 F.2d 1391 (5th Cir. 1976).

All of these decisions involve policy restrictions limited to U.M. coverage. Our attention has been called to no Louisiana decision which holds that a general condition, applicable to an entire automobile insurance policy, and not just to the uninsured motorist coverage, is against the public policy of the state, nor to any case in any jurisdiction which holds a general geographical limitation to be void.

■ The Louisiana statute requires U.M. coverage in "not less than the limits of bodily injury liability provided by the policy." It would be stretching that statute to the breaking point to hold that liability coverage can be limited geographically, but not U.M. coverage.

Finally, the geographic limitation cannot be said to be lacking any rational business purpose. Insurers providing U.M. coverage must base their rates on the risk that the insured will be struck by an uninsured vehicle. It is certainly rational to exclude countries where the number of uninsured motorists is unknown or so high as to make coverage impractical. We do not find that it was the legislature's intent to prohibit all general restrictions as applied to uninsured motorist coverage.