Denise R. IVERSON, Respondent,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,

Mutual Service Casualty Insurance Company, Respondent.

No. 50252.

Supreme Court of Minnesota.

July 3, 1980.

Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan and Mary Jeanne Coyne, Minneapolis, for appellant.

Ardery & Davern and Thomas J. Davern, Golden Valley, for Iverson.

Robert G. Schiefelbein, Minneapolis, for Mutual Service Casualty Ins. Co.

ROGOSHESKE, Justice.

Decedent, Daniel B. Iverson, died as a result of bodily injuries sustained in an automobile accident in 1977. Decedent's widow, Denise R. Iverson, sought recovery of basic economic loss benefits from State Farm Mutual Automobile Insurance Company under an automobile policy issued to decedent in which he was a named insured. State Farm denied coverage on the ground that an exclusion in its policy precluded

recovery.[1] The question raised is whether it is permissible for State Farm to include, in decedent's policy listing a 1975 Ford as the insured vehicle, an exclusion that precludes recovery of basic economic loss benefits by his widow because the injuries resulting in decedent's death arose out of his ownership and use of a 1967 vehicle which was not listed in this or any policy as an insured vehicle. The trial court granted decedent's widow's motion for partial summary judgment, finding the exclusion to be invalid under our No-Fault Automobile Insurance Act, Minn.Stat. §§ 65B.41–.71 (1978), and awarded her recovery of such benefits under the policy covering the 1975 vehicle. State Farm appeals. We conclude that the trial court's decision is consistent with both our No-Fault Act and prior decisions of this court and accordingly affirm.

Decedent owned two automobiles, a 1975 Ford Bronco and a 1967 Chevrolet. The 1975 Ford was insured under a policy issued by State Farm, and the 1967 Chevrolet was not insured.[2] Decedent met his death in a two-automobile collision while driving the uninsured 1967 Chevrolet. Following the accident, his widow demanded recovery of basic economic loss benefits under the no-fault coverage of the State Farm policy in which decedent was the named insured and in which the 1975 Ford was the listed vehicle. Because decedent's death occurred while driving an owned, unlisted and therefore uninsured vehicle, State Farm denied liability for such benefits pursuant to its policy on the 1975 Ford by reason of the following exclusionary language:

THE INSURANCE UNDER COVERAGE P DOES NOT APPLY:

(a) TO *BODILY INJURY* SUSTAINED BY ANY *PERSON*

(1) WHOSE INJURIES AROSE OUT OF THE OWNERSHIP, MAINTENANCE OR USE OF A *MOTOR VEHICLE* OWNED BY AN *INSURED* WHICH IS NOT AN *INSURED MOTOR VEHICLE.*

Under our No-Fault Act, vehicle owners are required to obtain for each owned vehicle a policy of insurance that protects against economic loss from injury arising out of ownership, maintenance, operation, or use of the vehicle. § 65B.48. Similarly, the Act requires insurers to offer, subject to applicable exclusions and disqualifications, policies that provide coverage for basic economic loss benefits. §§ 65B.49, subd. 1, and 65B.44, subd. 1. To achieve compliance with this compulsory insurance requirement, the Act provides that an owner who fails to obtain the required insurance on an owned vehicle is guilty of a misdemeanor and, upon conviction, the owner's driver's license as well as motor vehicle registration shall be revoked for up to 12 months and will not be reinstated until the required insurance is obtained. § 65B.67. In addition, such an injured owner is expressly prohibited from recovering basic economic loss benefits through the assigned claims plan. § 65B.64, subd. 3.

It is clear under the Act that one who owns a single vehicle and is injured in an accident with that vehicle but has not obtained the required insurance may not recover basic economic loss benefits. § 65B.64, subd. 3. The Act does not specifically address, however, whether coverage is required for one who is an insured under a policy of reparation security but is injured while driving an owned but uninsured vehicle. State Farm contends that, in view of the sanctions set forth in the Act for failing to insure an owned vehicle, the exclusion

1. The widow also joined Mutual Service Casualty Insurance Company as a defendant, claiming that she was entitled to recover economic loss benefits against that insurance company, the insurer to which her claim had been assigned under the assigned claims plan provided in Minn.Stat. §§ 65B.63 and 65B.64 (1978).

2. The record discloses that decedent had applied to his insurance agent for renewal of the policy listing the 1967 Chevrolet, but the policy was not issued before he met his death while operating that vehicle. Although the existence of insurance coverage on the 1967 Chevrolet is in dispute, the widow's motion for partial summary judgment necessarily concedes for purposes of the motion that the 1967 Chevrolet is not listed as an insured vehicle under any policy of insurance.

clause in its policy is consistent with the Act. State Farm argues that since the Act specifically delegates to insurers the right to make the statutorily required coverage subject to contractual exclusions and disqualifications, § 65B.44, subd. 1, the policy clause in the issue is of the very type anticipated by the legislature. In short, it is State Farm's position that the legislature has delegated to it the right to impose the sanction of forfeiture of recovery of economic loss benefits on an insured who fails to provide the required insurance on an owned vehicle.

While it is true that the Act makes insurance on all vehicles compulsory and provides sanctions against those who own uninsured vehicles, it does not necessarily follow that the exclusion in State Farm's policy is consistent with the Act viewed in its entirety. One of the Act's basic purposes was to achieve comprehensive indemnity for economic losses incurred in vehicle accidents. Indeed, the Act specifically provides that "every person suffering loss from injury arising out of maintenance or use of a motor vehicle has a right to basic economic loss benefits." § 65B.46, subd. 1. Through a priority provision, the Act identifies which insurance carrier is liable for basic economic loss benefits when an accident occurs. Section 65B.47, subd. 4(a), states that coverage for payment of basic economic loss benefits is "the [policy] under which the injured person is an insured." Thus, notwithstanding the requirement that all vehicles be insured and the sanctions that accompany a failure to insure, the trial court concluded that the widow in this case is eligible for recovery of economic loss benefits, since the decedent's death resulted from the use of a motor vehicle and he was an insured under a plan of reparation security at the time of the accident.

We recognize that the objectives of the Act will be ideally achieved if all vehicles are insured and all penalties are scrupulously enforced against all owners who fail to insure vehicles. We believe, however, even though the legislative intent on this issue is not perfectly clear, that the Act indicates a legislative determination that the compensation objectives of the Act are overriding. Notwithstanding the penalties for failing to insure an owned vehicle, the basic provisions of the Act provide for coverage of economic loss benefits to a person who is an insured under a policy even though that person owns an uninsured vehicle and is injured while operating it in violation of the Act.

 Thus, even though we are not free from doubt, we affirm the trial court and hold the State Farm exclusion to be invalid because it conflicts with the basic purpose of the Act. We simply do not believe that the legislature intended to delegate to insurance companies the authority to enforce the mandatory obligation of vehicle owners to obtain insurance by adding, through a contractual provision in its policy, the additional sanction of forfeiture of basic benefits. This result is also consistent with our view that policy provisions involving forfeitures should be strictly construed in favor of insureds. *See Struble v. Occidental Life Ins. Co.*, 265 Minn. 26, 120 N.W.2d 609 (1963).

State Farm concedes that, had the accident occurred while the decedent was driving or was a passenger in an uninsured vehicle owned by someone else or was a pedestrian, his widow would clearly be entitled to coverage under its policy due to our previously stated view that coverage for economic loss benefits protects people not vehicles. *Wasche v. Milbank Mut. Ins. Co.*, 268 N.W.2d 913 (Minn.1978). We feel the State Farm exclusion is invalid for the same reason. Nothing in the Act purports to make coverage for economic loss benefits contingent upon occupancy of an insured vehicle. Stated differently, nothing in the Act requires a forfeiture of coverage where the injury arises out of the ownership, maintenance, or use of an uninsured vehicle. Because the decedent was an insured under the State Farm policy, the exclusionary clause precluding coverage for economic loss benefits simply because the decedent was operating an uninsured vehicle at the time of the accident is an unwarranted geo-

graphic limitation of statutorily required coverage. This reasoning is supported by our previous decisions holding that insurance companies may not deny uninsured motorist coverage to an insured simply because the insured is occupying an owned vehicle which is not insured when an accident with an uninsured motorist occurs. *Nygaard v. State Farm Mutual Auto. Ins. Co.,* 301 Minn. 10, 221 N.W.2d 151 (1974). State Farm contends that *Nygaard* does not apply to this case, because *Nygaard* involved uninsured motorist coverage rather than coverage for economic loss benefits. Admittedly, there are differences between uninsured motorist coverage and coverage for economic loss benefits; but because we have held that the basic rationale of *Nygaard*—uninsured motorist coverage protects people not vehicles—also applies to coverage for economic loss benefits, *Wasche v. Milbank Mut. Ins. Co.,* 268 N.W.2d 913 (Minn.1978), *Nygaard* is good authority for invalidating the exclusion in this case.

We recognize that, had the decedent in this case not owned a second vehicle that was insured, the widow would not be entitled to recover since decedent was not an insured under any policy and his widow was therefore precluded from participating in the assigned claims plan by his failure to obtain insurance on an owned vehicle. While we do not think it is desirable that accident victims who own uninsured vehicles should be treated differently, the disparity in treatment arises, in our view, not from our disposition of this case but rather from the No-Fault Act's seemingly severe sanction of prohibiting owners of uninsured vehicles from participating in the assigned claims plan. For these reasons we affirm the trial court's decision invalidating the policy exclusion.

Affirmed.