**David CREWS, Appellant,**

**v.**

**CRITERION INSURANCE COMPANY, Respondent.**

**No. CO–85–549.**

Court of Appeals of Minnesota.

July 9, 1985.

Michael Fargione, Hauer and Lewis, P.A., Minneapolis, Minn., for appellant.

John R. Crawford, Johnson & Lindberg, P.A., Minneapolis, Minn., for respondent.

Heard, considered and decided by POPO-VICH, C.J., and PARKER and CRIPPEN, JJ.

## OPINION

PARKER, Judge.

This case arose on cross-motions for summary judgment by appellant David Crews and respondent Criterion Insurance Co. Crews' car was damaged while in the possession of Criterion's insured, Greg D'Heilly. Criterion refused coverage based on a "care, custody, or control" exclusion in the insurance policy. The trial court granted summary judgment for Criterion, rejecting Crews' claim that the exclusion provision conflicts with Minn.Stat. § 65B.49, subd. 3(1) (1984), and is, hence, invalid. We affirm.

## FACTS

On November 19, 1983, Greg D'Heilly damaged a car owned by David Crews when he negligently drove it off a Minnesota roadway into a ditch.

At the time of the accident D'Heilly owned an automobile insurance policy issued by Criterion Insurance Co. while he was a California resident. The policy contained a coverage exclusion for "property rented to or in charge of an insured other than a residence or private garage" (commonly known as a "care, custody or control" exclusion). Criterion does business in Minnesota.

Crews sued D'Heilly for the damage done to his car. Criterion refused to defend D'Heilly on the basis of the policy exclusion. Judgment was entered against D'Heilly for the value of the car ($1,500) plus costs and disbursements.

D'Heilly assigned to Crews any rights he might have to property damage coverage by Criterion. Thereafter, Crews sued Criterion for the property damage he incurred, alleging that Minn.Stat. § 65B.49, subd. 3(1), renders the policy exclusion invalid.

## ISSUE

Did the trial court err in finding that respondent's "care, custody or control" insurance policy exclusion was not rendered invalid by Minn.Stat. § 65B.49, subd. 3(1)?

## DISCUSSION

Crews contends the trial court erred in granting Criterion summary judgment after finding that the "care, custody, and control" exclusion in D'Heilly's automobile insurance policy was not invalidated by Minn.Stat. § 65B.49, subd. 3.

The Minnesota No-Fault Act provides:

Every insurer licensed to write motor vehicle accident reparation and liability insurance in this state shall * * * file with the commissioner and thereafter maintain a written certification *that it will afford at least the minimum secur-*

*ity provided by section 65B.49 to all policyholders * * *.*

*\* \* \* Notwithstanding any contrary provision in it, every contract of liability insurance for injury, wherever issued, covering obligations arising from * * * use of a motor vehicle, * * * in*cludes basic economic loss benefit coverages *and residual liability coverages* required by sections 65B.41 to 65B.71, while the vehicle is in this state, and qualifies as security covering the vehicle.

Minn.Stat. § 65B.50, subds. 1 and 2 (1984).

Minn.Stat. § 65B.49, subds. 3(1) and 3(2), state in relevant part:

(1) Each plan of reparation security shall also contain stated limits of liability * * * with respect to each vehicle for which coverage is thereby granted * * * of *not less than $10,000* because of such injury to or *destruction of property of others* in any one accident.

(2) Under residual liability insurance the reparation obligor shall be liable to pay, on behalf of the insured, sums which the insured is legally obligated to pay as damages because of * * * property damage arising out of the * * * use of a motor vehicle if the * * * damage occurs within this state.

Crews argues that Criterion is required by § 65B.50 to provide at least the minimum security mandated by § 65B.49, subd. 3, and that mandatory coverage includes both basic economic loss and residual liability coverages. *See Hedin v. State Farm Mutual Automobile Insurance Co.,* 351 N.W.2d 407, 408–09 (Minn.Ct.App.1984) (the term "security" in § 65B.50, subd. 1, means both basic economic loss and residual liability coverage as referred to in subdivision 2). Crews contends that Criterion's "care, custody or control" exclusion conflicts with these statutory provisions and therefore the policy must be read to include coverage of the property damage in this case.

In denying Crews' claim, the trial court followed *Wyatt v. Wyatt,* 239 Minn. 434, 58 N.W.2d 873 (1953), in which the Minnesota Supreme Court held that a similar "care, custody or control" exclusion in a liability policy was valid. Although *Wyatt* was decided before enactment of the Minnesota No-Fault Act, the trial court found *Wyatt* was still binding because the basic framework of Minnesota liability law was not changed by the act. *See Toomey v. Krone,* 306 N.W.2d 549 (Minn.1981). In *Toomey* the court affirmed a trial court finding that an automobile insurance policy which excluded liability coverage for an insured's relatives if they owned their own vehicles did not violate Minnesota law. The Minnesota Supreme Court said:

The Minnesota No-Fault Act has not altered the basic framework of liability law. The premise underlying no-fault and uninsured motorist coverage is *first-party in nature, as opposed to the third-party coverage* involved in the instant case.

*Id.* at 550.

■ The trial court's reasoning is correct. The liability coverage at issue in this case is third-party, rather than first-party, coverage. Liability coverage follows motor vehicles rather than individuals, *see American Motorist Insurance Company v. Sarvela,* 327 N.W.2d 77, 79 (Minn.1982), and has been treated differently by the Minnesota Supreme Court, *see, e.g., Toomey v. Krone.* In particular, the court has validated coverage exclusions or restrictions on non-owned vehicles in order to prevent the insured from driving other automobiles and claiming coverage for all of them. *See, e.g., Boedigheimer v. Taylor,* 287 Minn. 323, 329, 178 N.W.2d 610, 614 (1970). This rationale logically extends to the "care, custody or control exclusion" which has been most commonly applied to rental automobiles but also covers borrowed vehicles like this one.

## DECISION

The trial court did not err in granting summary judgment to respondent based on its conclusion that the "care, custody or control" exclusion was valid.

Affirmed.