**Sandra Lou LAFFEN a.k.a. Sandra L. Laffen, as sister and guardian of Dennis Ray Laffen, as and for Dennis Ray Laffen, Ward, Appellant,**

v.

**AUTO–OWNERS INSURANCE COMPANY, Respondent.**

No. C2–87–2064.

Court of Appeals of Minnesota.

Sept. 20, 1988.
Review Denied Nov. 16, 1988.

Donald M. Spilseth, Rodney C. Hanson, Anderson, Burgett & Spilseth, Willmar, for appellant.

William W. Thompson, Schmidt, Thompson, Thompson, Johnson & Moody, Willmar, for respondent.

Considered and decided by CRIPPEN, P.J., and HUSPENI, and SCHUMACHER, JJ., without oral argument.

## OPINION

CRIPPEN, Judge.

Dennis Laffen, who resided with his parents but owned his own uninsured car, was seriously injured when his car struck an animal in October 1983. The trial court decided respondent Auto–Owners should pay basic economic loss benefits (entitlements for medical expenses and lost income) under an automobile insurance policy sold to Laffen's parents on other vehicles; the parties agree that insured persons under this policy included residents in the same household, but that policy language does not permit basic economic benefits for insured relatives who own their own car. Laffen's guardian appeals the trial court's refusal to double benefits, based on his parents' purchase of like coverage on two vehicles, and respondent Auto–Owners asks for review of the trial court's decision to nullify policy language on relatives who own their own car. We affirm the decision for coverage, and reverse the decision against stacking of benefits commensurate with purchase of coverage on two vehicles.

## FACTS

Dennis Laffen suffered disabling injuries when his uninsured car struck a stray horse on October 22, 1984. He has had medical expenses of over $100,000 and wage losses of more than $20,000.

Laffen resided at the time with his parents, who had insurance under a policy of respondent Auto–Owners Insurance Company that covered two vehicles they owned. Consistent with provisions of the Minnesota No–Fault Automobile Insurance Act, this policy covers relatives living in the same residence, and (in accord with provisions of the Act in 1984) basic economic benefits of $20,000 for medical expenses and $10,000 for lost income. *See* Minn. Stat. §§ 65B.43, subd. 5, and 65B.44 (1984). Unlike the statutory provision on insured relatives, the trial court and the parties agree that this policy did not extend to Laffen's losses because of restrictive language on relatives who own their own car.[1]

Appellant, Laffen's guardian, sued Auto–Owners after the company denied a request for payment of basic economic loss benefits. Based on the statutory definition of insured relatives, the trial court by summary judgment reformed language of the Auto–Owners policy so that Laffen was entitled to $20,000 for medical expenses and $10,000 for lost earnings. Because the court viewed its reform of the policy as a creation of coverage to comply with the No–Fault Act, not as elimination of an unlawful exclusion in a policy containing stackable benefits, the court refused to allow stacked benefits based on coverage of two vehicles.

## ISSUES

1. Can the insurer deny basic economic benefits for a relative residing with the insured, based on the relative's ownership of an uninsured car?

2. If a wrongful limitation on coverage of relatives is reformed, is the claimant entitled to stacking under a policy covering two vehicles?

## ANALYSIS

■ Where an insured person is injured while using an uninsured vehicle, first party coverage for basic economic loss benefits follows the person of the insured, and to this end a policy will be reformed to conform to the No–Fault Act. *Iverson v. State Farm Mutual Automobile Insurance Co.*, 295 N.W.2d 573, 575 (Minn.1980).

---

1. The trial court recited a policy declaration that "medical expenses" were payable only for a "relative living with you who does not own a car" and "if [the relative is] injured while in or through being struck by a non-owned automobile." Arguments of the parties indicate that the provision goes on to define non-owned vehicles as those not owned by a person living with the insureds. The record does not disclose language pertaining to coverage on income losses, nor does it confirm the significance of the fact that Laffen's car, which he owned, was thus owned by a resident living with the named insureds.

The trial court did not err in following *Iverson.* While enunciating application of limits on uninsured motorist benefits for owners of uninsured vehicles,[2] the Minnesota Supreme Court recently acknowledged the vitality of *Iverson* as demonstrative of a more expansive recognition of claims for basic economic loss benefits. *Petrich v. Hartford Fire Insurance Co.,* 427 N.W.2d 244, 246 (Minn.1988).

Auto–Owners contends that the decision allowing recovery by Dennis Laffen offends the legislature's aim to have car owners insure their vehicles. This is indicated, respondent points out, by the statutory declaration that the assigned claims plan for numerous uncovered injuries is expressly unavailable for an owner who fails to insure a vehicle as provided by law. Minn. Stat. § 65B.64, subd. 3 (1986). "The legislature is not charitable to uninsured persons driving uninsured vehicles." *Balderrama v. Milbank Mutual Insurance Co.,* 324 N.W.2d 355, 358 (Minn.1982). This supposed conflict between claims like Laffen's and statutory law was expressly considered and rejected by the *Iverson* court. We decline respondent's urging that we consider the argument further.

■■■ 2. For insured persons entitled to basic economic loss benefits under the policy Auto–Owners issued to Dennis Laffen's parents, stacking of benefits, based on coverage for two vehicles, is clearly in order. *Wasche v. Milbank Mutual Insurance Co.,* 268 N.W.2d 913, 918–919 (Minn. 1978). For purposes of determining basic economic loss coverage, the trial court properly reformed the policy to include Dennis Laffen as an insured using his own vehicle, thereby entitling him to the benefits due an insured under the policy, not minimum No–Fault Act benefits. It was error for the trial court to deny stacking of basic economic loss benefits for Laffen.

Respondent relies on cases establishing that imposition of coverage under the No–Fault Act calls for the same scope of coverage mandated by statute. *Beukhof v. State Farm Automobile Insurance Co.,* 371 N.W.2d 538, 542 (Minn.1985) (imposition of underinsured motorist benefits not stated in a policy); *Dorn v. Liberty Mutual Fire Insurance Co.,* 401 N.W.2d 662 (Minn.1987) (discussing imposition of uninsured benefits for an additional claimant after other claimant exhausts benefits provided in the policy). Here we are not dealing with the imposition of unstated coverage, but rather the elimination of a wrongful barrier to stated coverage, and the authorities cited by respondent do not govern the stacking question.

## DECISION

The trial court correctly determined that the Auto–Owners policy must be reformed to eliminate language denying basic economic loss benefits to an insured who owned an uninsured vehicle. The court erred, however, in refusing to stack benefits as required by law for those insured under a policy covering two vehicles.

AFFIRMED IN PART AND REVERSED IN PART.

---

**2.** Uninsured motorist benefits cannot be recovered on a policy insuring uninvolved vehicles of an owner charged with tort law fault, where payment of these benefits would transform them into unpurchased liability coverage. *Petrich v. Hartford Fire Insurance Co.,* 427 N.W.2d 244 (Minn. August 19, 1988).