**In the Matter of Mark VIETHS and Lavon Vieths, Appellants,**

v.

**ILLINOIS FARMERS INSURANCE COMPANY, Respondent.**

No. C7-89-170.

Court of Appeals of Minnesota.

June 13, 1989.

Review Denied Aug. 15, 1989.

lowing a 1982 motorcycle accident. We affirm.

## FACTS

Mark and Lavon Vieths, children of Alvin Vieths, were injured in a two-motorcycle collision in 1982. Mark was driving a motorcycle owned but not insured by Alvin; Lavon was a passenger on a second motorcycle, also owned but not insured by Alvin and driven by Robert Titel. In 1988, Mark and Lavon sued Titel and then demanded that their father's automobile insurance company, respondent Illinois Farmers Insurance Co. (Illinois Farmers), arbitrate their claims because Titel had no insurance. Illinois Farmers did not respond and the Viethses moved the court to compel arbitration.

Illinois Farmers asserted that (1) uninsured coverage was not available; (2) notice of the claim was untimely and improper; and (3) the statute of limitation had run on the claims. The court granted Illinois Farmers' motion to dismiss and the Viethses appeal.

## ISSUES

I. Did the trial court err in determining the insurance coverage issue without first addressing the validity of the arbitration agreement?

II. Does a pre–1985 "family owned vehicle" exclusion prevent minors from collecting uninsured motorist benefits under their father's automobile policies where one minor child was the driver of one motorcycle and the other minor child a passenger on a second motorcycle driven by an allegedly negligent and uninsured person, and where both motorcycles were owned but not insured by the minor's father?

Paul E. Godlewski, Karen J. Kingsley, Barna, Guzy, Merrill, Hynes Giancola, Ltd., Minneapolis, for appellants.

Charles E. Gillin, Brett W. Olander, Jardine, Logan & O'Brien, St. Paul, for respondent.

Heard, considered and decided by HUSPENI, P.J., and NIERENGARTEN and CRIPPEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Mark and Lavon Vieths appeal the trial court's denial of their motion to compel arbitration, and the court's denial of their claim for uninsured motorist coverage fol-

## ANALYSIS

[I]n the area of automobile reparation, arbitrators are limited to deciding issues of fact, leaving the interpretation of the law to the courts.

*Johnson v. American Family Insurance Co.*, 426 N.W.2d 419, 421 (Minn.1988).

■ The trial court must determine coverage issues *before* it orders arbitration, since "the objecting party must be protected from the burden of unauthorized arbitration of both the coverage dispute and the merits of the insured's claim." *United States Fidelity & Guaranty Co. v. Fruchtman,* 263 N.W.2d 66, 71 (Minn.1978). Thus, the court did not err in denying arbitration pending resolution of the insurance coverage question.

Mark and Lavon Vieths attack the uninsured motorist policy exclusions claimed by Illinois Farmers to prohibit coverage. The Viethses claim these exclusions are inconsistent with the compensation objectives of the Minnesota No–Fault Automobile Insurance Act as it was promulgated in 1980. *See* Minn.Stat. § 65B.41–.71 (1980). Citing *Nygaard v. State Farm Mutual Automobile Insurance Co.,* 301 Minn. 10, 221 N.W. 2d 151 (1974), the Viethses' position is that uninsured motorist protection is not coverage for vehicles but for persons. Accordingly, they argue that the fact that Robert Titel is an uninsured driver of the second motorcycle triggers the *Nygaard* rule and provides them with coverage. On the other hand, Illinois Farmers takes the position that because Titel is a driver of a motor vehicle (motorcycle) owned by Alvin Vieths, Mark and Lavon are not covered.

The policy language involved is as follows:

Uninsured motor vehicle, however, does not mean a vehicle:

a. Owned by or furnished or available for the regular use of you or any family member.

\* \* \* \* \* \*

This coverage does not apply to bodily injury sustained by a person:

1. While occupying a motor vehicle owned by you or a family member for which insurance is not afforded under this policy or through being struck by that motor vehicle.

The Viethses correctly argue that the geographic limitation in pre–1985 uninsured motorist policies has been held invalid. *See Nygaard; see also Iverson v. State Farm Mutual Automobile Insurance Co.,* 295 N.W.2d 573 (Minn.1980) and *Rosenberger v. American Family Mutual Insurance Co.,* 309 N.W.2d 305 (Minn. 1981). These cases, however, all involved an insured, who, while driving his own uninsured vehicle, collided with a vehicle *neither owned nor insured* by the claimant. (In *Nygaard* the insured's son was riding an owned but uninsured motorcycle when he collided with an automobile owned but not insured by another, whose driver was determined to be at fault; in *Iverson* the decedent was riding in a family owned but uninsured automobile when he collided with a car owned by another; and in *Rosenberger* the insured's stepdaughter was injured while riding on her owned but uninsured motorcycle, and then injured a second time when an uninsured motorcycle owned by another person ran over her leg.)

Beyond that, *underinsured* motorist benefits were denied in two pre–1985 one-car accidents, and the "family owned vehicle" policy exclusion upheld because the court found that to allow an insured "to avoid the exclusionary clauses in the policies would be to allow [the claimant] to convert inexpensively-purchased under-insured motorist coverage into liability coverage." *Linder by Linder v. State Farm Mutual Automobile Insurance Co.,* 364 N.W.2d 481, 483 (Minn.Ct.App.1985) *pet. for rev. denied* (Minn. May 1, 1985); *Myers v. State Farm Mutual Automobile Insurance Co.,* 336 N.W.2d 288 (Minn.1983). The exclusionary provision was also upheld in *post–1985* cases involving claims for both uninsured and underinsured motorist benefits. *See Petrich v. Hartford Fire Insurance Co.,* 427 N.W.2d 244 (Minn.1988) (uninsured motorist) and *Thommen v. Illinois Farmers Insurance Co.,* 437 N.W.2d 651, (Minn.1989) (underinsured motorist case where the court stated that "to hold the insurer liable to pay damages resulting from the negligent use of the insured motor vehicle pursuant to both the liability coverage and the UIM coverage is to convert the first-party UIM coverage into third-party insurance, 'treating it essentially the same as third-party liability coverage' ").

The 1980 statute required every owner of a motor vehicle, including a motorcycle, to maintain uninsured motorist coverage on the vehicle. *See* Minn.Stat. § 65B.49, subd. 4 (1980). Although Alvin Vieths carried this insurance on all three of his automobiles, he did not insure his motorcycles. When he allowed his teenage children and their friend to drive the uninsured motorcycles, he exposed them to a situation where they would not benefit from any uninsured motorist coverage. If we now void the "family owned vehicle" exclusion in pre-1985 uninsured motorist policies and allow recovery of benefits, we would sanction the practice of motor vehicle owners purchasing inadequate insurance to cover all their vehicles, and excuse these owners from doing their fair share to carry out the compensation objectives of the Minnesota No-Fault Automobile Insurance Act.

The reasoning enunciated in *Petrich* and *Thommen* is convincing and we therefore find that the "family owned vehicle" exclusion is enforceable against pre-1985 uninsured motorist claims, as well. Post-1985 caselaw does not apply to this case, but the trial court's conclusion was correct, regardless, and its order dismissing the Viethses' claim for uninsured motorist benefits is affirmed.

Affirmed.