Franklin W. SMITH, et al., Appellants,

v.

ILLINOIS FARMERS INSURANCE COMPANY, Respondent.

Verlin KOMPELIEN, et al., Appellants,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, Respondent.

No. C0-89-2150.

Court of Appeals of Minnesota.

May 15, 1990.

Review Denied July 13, 1990.

Sharon L. Van Dyck, Schwebel, Goetz and Sieben, P.A., Minneapolis, for Franklin W. Smith, et al., and Verlin Kompelien, et al.

Louise A. Dovre, Jeremiah P. Gallivan, Richard Krochock, Rider, Bennett, Egan & Arundel, Minneapolis, for Illinois Farmers Ins. Co.

Barbara A. Burke, Mark A. Gwin, Cousineau, McGuire, Shaughnessy and Anderson, Minneapolis, for United Services Auto. Ass'n.

Considered and decided by WOZNIAK, C.J., and PARKER and SHORT, JJ.

## OPINION

SHORT, Judge.

Following an automobile accident in Mexico, Franklin and Sandra Smith and Verlin and Nancy Kompelien sought uninsured motorist coverage from their respective insurers. Both claims were denied, and the Smiths and Kompeliens began separate actions for declaratory judgment. Those actions were consolidated by the trial court. On cross motions for summary judgment, the trial court declared the territorial limitations in the policies were valid and precluded uninsured motorist coverage for the accident. We affirm.

## FACTS

The parties stipulated to the following facts. On January 24, 1986, appellants were passengers in a taxicab that was involved in an automobile accident in Manzanillo, Mexico. At least one of the involved vehicles was uninsured. The Kompeliens were the named insureds in an automobile insurance policy issued by United Services Automobile Association. The Smiths were insureds on a policy issued by Illinois Farmers Insurance Company. Both policies contained unambiguous territorial limitation provisions, excluding coverage for accidents occurring in Mexico. Appellants submitted claims for uninsured motorist coverage to their respective insurers. Both companies denied benefits, relying on the territorial limitation provisions in their policies.

## ISSUE

Is an unambiguous territorial limitation provision contained in an insurance policy an enforceable restriction on uninsured motorist coverage?

## ANALYSIS

The parties do not dispute the facts in this case, but raise an issue of statutory interpretation. The construction of a statute is a question of law and is subject to de novo review on appeal. *Hibbing Education Association v. Public Employment Relations Board*, 369 N.W.2d 527, 529 (Minn.1985).

Every automobile insurance policy issued in Minnesota must provide uninsured and underinsured motorist coverage. Minn.Stat. § 65B.49, subd. 3a (Supp.1985). The coverages combined must provide minimum limits of $25,000 per person and $50,-000 per accident. *Id.* The scope of uninsured motorist coverage is to be co-extensive with other coverage afforded under the No–Fault Act. *Burgraff v. Aetna Life & Casualty Co.*, 346 N.W.2d 627, 629

(Minn.1984); *Kaysen v. Federal Insurance Co.*, 268 N.W.2d 920, 924–25 (Minn.1978).

▮ Parties to insurance contracts are free to contract as they see fit, subject to statutory restrictions. *See Waseca Mutual Insurance Co. v. Noska*, 331 N.W.2d 917, 926 (Minn.1983); *Bobich v. Oja*, 258 Minn. 287, 294, 104 N.W.2d 19, 24 (1960); *see also* Minn.Stat. § 65B.49, subd. 8 (1984) (contract provisions give way to statutory requirements).

Clauses purporting to exclude certain types of coverage have been uniformly upheld, provided they are unambiguous and do not conflict with statutory provisions. *See, e.g., Thommen v. Illinois Farmers Insurance Co.*, 437 N.W.2d 651, 654 (Minn. 1989) (UIM exclusion for vehicles owned by named insured); *Myers v. State Farm Mutual Automobile Insurance Co.*, 336 N.W.2d 288, 292 (Minn.1983) (exclusion of UIM coverage for vehicle owned by named insured); *Vieths v. Illinois Farmers Insurance Co.*, 441 N.W.2d 575, 578 (Minn. App.1989) (family-owned vehicle exclusion), *pet. for rev. denied* (Minn. Aug. 15, 1989); *American Family Mutual Insurance Co. v. Luhman*, 438 N.W.2d 453, 456 (Minn. App.1989) (family-owned vehicle exclusion from UIM coverage), *pet. for rev. denied* (Minn. June 21, 1989); *Crews v. Criterion Insurance Co.*, 370 N.W.2d 83, 85 (Minn. App.1985) (care, custody and control exclusion). None of these exclusionary clauses had statutory authorization; none was needed.

▮ No statutory provision expressly prohibits an exclusion of uninsured motorist coverage for accidents occurring outside the United States. Appellants argue, however, that such a provision is impliedly prohibited by Minn.Stat. §§ 65B.41–.71 (1984 & Supp.1985). Appellants note that a specific statutory provision requires the insurer to pay basic economic benefits for accidents occurring in the United States, United States possessions, or Canada. *See* Minn. Stat. § 65B.46. Another provision requires the insurer to pay residual liability insurance for accidents occurring in the United States, its territories or possessions, or Canada. *See* Minn.Stat. § 65B.49, subd.

3(2). Appellants argue these provisions create a legislative ban on territorial coverage exclusions, with express exceptions. Appellants then argue that recognizing another exception to the ban is prohibited by the rule of statutory construction that "exceptions expressed in a law shall be construed to exclude all others." Minn.Stat. § 645.19 (1988). Appellants' argument is flawed. Exclusions of coverage for accidents occurring outside the United States, its territories and possessions, and Canada are nowhere prohibited under the statute. *See Cashman v. Economy Fire & Casualty Co.*, 795 F.2d 50, 51 (8th Cir.1986). Thus the parties remain free to contract as they wish. Our holding does not create a new exception and thus does not run afoul of the quoted rule of construction.

Virtually every state that has considered the issue of whether an insurer may territorially limit uninsured motorist coverage when state law is silent as to such limitations has upheld a territorial limitation. *See Curtis v. Allstate Insurance Co.*, 473 F.Supp. 315 (E.D.La.1979), *aff'd* 631 F.2d 79 (5th Cir.1980); *Fischer v. State Farm Mutual Automobile Insurance Co.*, 495 So.2d 909 (Fla.Dist.Ct.App.1986); *Heinrich–Grundy v. Allstate Insurance Co.*, 402 Mass. 810, 525 N.E.2d 651 (1988); *State Farm Auto Insurance Co. v. Cabuzzi*, 123 N.H. 451, 462 A.2d 129 (1983); *Lovato v. Liberty Mutual Fire Insurance Co.*, 109 Wash.2d 43, 742 P.2d 1242 (1987). *But see Gerardi v. Harleysville Insurance Co.*, 293 Pa.Super. 375, 439 A.2d 160 (1981). In each case, the court was construing a statute which required uninsured motorist coverage in an amount equal to the liability coverage purchased by the insured.

Sound policy reasons also support the validity of the territorial limits on uninsured coverage.

Insurers providing U.M. coverage must base their rates on the risk that the insured will be struck by an uninsured vehicle. It is certainly rational to exclude countries where the number of uninsured motorists is unknown or so high as to make coverage impractical.

*Curtis,* 473 F.Supp. at 316–17. Respondents are not attempting to restrict uninsured motorist coverage in a manner not applicable to the other coverage. The territorial limitation provision is identical to the restrictions contained in the No–Fault Act concerning personal injury protection and liability coverage. *See* Minn.Stat. § 65B.49, subd. 3(2).

 Finding no express or implied statutory prohibition on a territorial exclusion clause for accidents occurring in Mexico, our task is to enforce the contract according to its terms. The territorial restrictions contained in the two policies at issue thus are valid and enforceable.

### DECISION

A territorial limitation on uninsured motorist coverage for accidents outside the United States, its territories and possessions, and Canada, is an enforceable provision.

Affirmed.

PARKER, J., dissents with opinion.

PARKER, Judge (dissenting).

I respectfully dissent on the ground that the majority opinion is contrary to explicit statutory language and has reversed 180 degrees a fundamental tenet of statutory construction.

Mandatory coverages may contain restrictions and exceptions *only* as authorized by statute; Minn.Stat. § 65B.49, subd. 8 (1988), states:

[A]ny coverage issued * * * shall comply with the provisions of this section, any provisions of law or of the contract notwithstanding.

### I

These policies contain territorial limitations on three coverages; only two are explicitly authorized by statute:

1. Residual liability, a third-party coverage which follows the vehicle rather than the person, is specifically authorized to be limited territorially in its application by Minn.Stat. § 65B.49, subd. 3(2):

Under residual liability insurance the reparation obligor shall be liable to pay, on behalf of the insured, sums which the insured is legally obligated to pay as damages because of bodily injury and property damage arising out of the ownership, maintenance or use of a motor vehicle if the injury or damage occurs within this state, the United States of America, its territories or possessions, or Canada. * * *

2. No-fault basic economic loss benefits are similarly subject to territorial limitations by specific statutory authorization:

If the accident or injury occurs outside this state in the United States, United States possessions, or Canada, the following persons and their surviving dependents suffering loss from injury arising out of maintenance or use of a motor vehicle or as a result of being struck as a pedestrian by a motorcycle have a right to basic economic loss benefits * * *.

Minn.Stat. § 65B.46, subd. 2 (1988).

3. Uninsured motorist (UM) coverage is also restricted territorially by the policy. There is no statutory authorization for this limitation.

The question then becomes: can such a statutory authorization be *implied?* I submit that respondents' argument assumes its conclusion by the assertion that "the uninsured motorist provision of the No–Fault Act is territorially neutral."

Minn.Stat. § 65B.49, subd. 3a (1988), requires, as mandatory UM coverage:

The coverages * * * must provide limits of $25,000 because of injury to * * * one person in *any accident* and $50,000 because of injury to * * * two or more persons in *any accident.*

(Emphasis supplied). To call such broadly inclusive language "territorially neutral" in the context of a statutory scheme containing specific authorization for territorial restrictions as to the other two major coverages is of dubious logic.

### II

A basic maxim of statutory construction is expressed in the ancient phrase, "inclusio unius est exclusio alterius," which *Black's*

*Law Dictionary* (5th Ed.1979) translates as "[t]he inclusion of one is the exclusion of another." This has been codified in Minn. Stat. § 645.19:

> Exceptions expressed in a law shall be construed to *exclude* all others.

(Emphasis supplied).

The majority has turned statutory construction on its head. Recognizing that the aforementioned sections of the statute allow geographical limitations to mandated PIP and liability coverage, they, by implication, *in* clude another.

Minn.Stat. § 65B.49, subd. 3 (1988), defines the scope of mandatory UM coverage in seven numbered paragraphs explicitly identifying exceptions and limitations to that coverage allowed to be imposed on policies. Authorization for territorial limitation is conspicuous by its absence.

No territorial limitations on first-party coverage were initially authorized by the Minnesota no-fault scheme. Minn.Stat. § 65B.46(2) (1974). They have been imposed by amendment:

* In 1980 an amendment allowed geographic limitation on basic economic loss benefits (which did *not* include UM benefits. *See* Minn.Stat. § 65B.43, subd. 10).
* In 1985 an amendment allowed a "geographic" limitation on UM benefits as to this first party coverage following the party to an owned, uninsured motor vehicle.

Respondents argue that there is no rational basis for distinguishing between UM protection and other coverages provided under the No-Fault Act. The short answer is that a distinction must have been evident to the legislature, for it took legislative action over several sessions to set territorial and geographic restrictions as we presently find them, and this process involved a comprehensive overhaul of uninsured/underinsured motorist coverage requirements at the 1985 session.

This brings us to what I regard as the most telling error of the majority opinion: it undertakes a task which has received vast legislative attention and which is the prerogative of that body. The entire vehic-

ular insurance field can, realistically, be said to be today the creature of the legislature. Contending interests argue out every "minor" amendment on grounds of public policy and private interest. Virtually every session since enactment of the No-Fault Act has seen it "fine-tuned." Legislative bodies, with their representative character and hearing procedures, are admirably suited for such a task. I am at a loss to understand why courts should, at this late date, allow themselves to be used to *imply* amendments to allow limitations or exceptions to statutorily mandated coverages. I would reverse the trial court.