Anacleto **GONZALES** and Donna Gonzales, Plaintiffs–Appellants,

v.

**ALLSTATE INSURANCE COMPANY,** Defendant–Appellee.

No. 01CA1507.

Colorado Court of Appeals, Div. III.

June 20, 2002.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2001.

Jeffrey S. Auxier, AAL, PC, Jeffrey S. Auxier, Salida, Colorado, for Plaintiffs–Appellants.

Zupkus & Angell, P.C., Robert A. Zupkus, Laura W. Trask, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge DAVIDSON.

In this declaratory judgment action seeking interpretation of a motor vehicle insurance policy, plaintiffs, Anacleto and Donna Gonzales, appeal from the trial court's grant of summary judgment for defendant, Allstate Insurance Company. We affirm.

Plaintiffs were injured in a collision in Mexico and were insured by defendant under a policy restricting coverage to automobile accidents occurring in the United States, its territories or possessions, Puerto Rico, and Canada. Plaintiffs filed personal injury protection (PIP) and uninsured/underinsured motorist (UM/UIM) claims, which defendant denied on the ground that the policy did not cover injuries resulting from a collision in Mexico.

On defendant's motion, the trial court entered judgment in favor of defendant, ruling that there was no coverage for plaintiffs'

claims. Plaintiffs appeal. Our review is de novo. *See Martini v. Smith,* 42 P.3d 629 (Colo.2002).

## I.

As it pertains to PIP coverage, § 10–4–707(1), C.R.S.2001, of the Colorado Auto Accident Reparations Act (the No–Fault Act) states:

The coverages described in [the PIP coverages statute, § 10–4–706] shall be applicable to:

(a) Accidental bodily injury sustained by the named insured when injured in an accident involving any motor vehicle, regardless of whether the accident occurs in this state or *in any other jurisdiction* ...

(b) Accidental bodily injury sustained by a relative of the named insured under the circumstances described in paragraph (a) of this subsection (1) ...

(c) Accidental bodily injury arising out of accidents occurring *within this state* sustained by any other person while occupying the described motor vehicle with the consent of the insured or while a pedestrian if injured in an accident involving the described motor vehicle.

(Emphases added.)

Section 10–4–711(3), C.R.S.2001, of the No–Fault Act states:

Notwithstanding any of its other terms and conditions, every complying policy shall afford coverages at least as extensive as the minimum coverages required by operation of sections 10–4–706 and 10–4–707, *during such periods of time as the insured motor vehicle is operated in other jurisdictions of the United States, its territories or possessions, and the provinces of Canada,* as the statutes, laws, or administrative regulations of such other jurisdictions require with respect to liability, or financial responsibility, and direct benefit, or first party coverages for operators, occupants, and persons involved in accidents arising out of use or operation of motor vehicles within such other jurisdictions.

(Emphasis added.)

■ Plaintiffs contend that the language "any other jurisdiction" in § 10–4–707(1)(a)

renders the policy's territorial restriction on PIP benefits void. Plaintiffs agree that the policy does not include coverage for accidents occurring in Mexico. They contend, however, that this territorial limitation is void because it does not comply with the statute. *See Murphy v. Dairyland Ins. Co.,* 747 P.2d 691 (Colo.App.1987)(in a policy providing PIP benefits, any provision inconsistent with the requirements of the No–Fault Act is void). Defendant, in contrast, argues that § 10–4–711(3) provides the required territorial coverage for PIP benefits, and, because the policy's territorial restriction is consistent with that section, it is valid. We agree with defendant.

■ The goal in interpreting any statute is to determine and give effect to the intent of the General Assembly by looking first to the language of the statute itself. A statute should be "construed as a whole so as to give consistent, harmonious, and sensible effect to all of its parts," and thus, "the meaning of any one section of a statute must be gleaned from a consideration of the overall legislative purpose." *Norsby v. Jensen,* 916 P.2d 555, 559 (Colo.App.1995).

Accordingly, § 10–4–707(1)(a) must be read in the context of the entire statutory section, which is entitled "Benefits-how payable" and which distinguishes the applicability of PIP coverage among three categories of persons, that is, the named insured, relatives of the named insured, and, subject to certain conditions, any other person while occupying the described motor vehicle or while a pedestrian. *See* § 10–4–707(1)(a)(c); *Budget Rent–A–Car Corp. v. Martin,* 855 P.2d 1377 (Colo.1993).

For the latter category of persons, the statute limits the applicable coverage to in-state accidents, whereas the named insured and resident relatives are covered regardless whether the accident occurred in Colorado or "any other jurisdiction." Read in proper context, then, the phrase "any other jurisdiction" simply contrasts the two types of coverage, emphasizing that the coverage required for named insureds and resident relatives is not limited, as it is for occupants and pedestrians, to accidents occurring "in this state."

■ Moreover, when interpreting two statutory sections, we must attempt to harmonize them to give effect to their purposes and, if possible, reconcile them so as to uphold the validity of both. *Norsby v. Jensen, supra.* Accordingly, we do not read the phrase "any other jurisdiction" to conflict with the plain language of § 10–4–711(3), which explicitly limits an insurer's minimum coverage requirements to "other jurisdictions of the United States, its territories or possessions, and the provinces of Canada" and necessarily excludes any requirement that PIP coverage be applicable in jurisdictions other than those listed, such as Mexico. *See City of Arvada v. Colorado Intergovernmental Risk Sharing Agency*, 19 P.3d 10, 13 (Colo.2001)(under canon of construction "expressio unius est exclusio alterius"—the inclusion of one thing implies the exclusion of another—statute applies only to entities listed).

We disagree with plaintiffs that § 10–4–711(3) simply coordinates coverages with the requirements of the jurisdictions listed, rather than listing required coverage areas. To the contrary, § 10–4–711(3) serves both purposes. By its plain language, it mandates, inter alia, that every policy provide the coverage specified in § 10–4–707 when the insured vehicle is being operated in the listed jurisdictions, and then it requires that the coverage meet the minimum requirements of those jurisdictions. *See Budget Rent–A–Car Corp. v. Martin, supra.*

Therefore, we agree with the trial court that, while the provisions of the No–Fault Act do not preclude defendant from providing coverage in Mexico, they also do not mandate that it do so. Because defendant's policy provides PIP coverage within the jurisdictions listed in § 10–4–711(3), its territorial restriction is in compliance with the No–Fault Act.

## II.

Contrary to plaintiffs' contention, the trial court also correctly determined that defendant's policy did not cover plaintiffs' UM/UIM claims.

■ Initially, we disagree with plaintiffs that defendant did not properly raise this issue in the trial court. The record indicates that plaintiffs alleged UM/UIM claims in their complaint, defendant's motion to dismiss included these claims, and the trial court's order disposed of all of plaintiffs' claims.

■ As to the merits of their argument, plaintiffs again do not dispute that their policy limits all UM/UIM coverage to accidents occurring in the United States, its territories or possessions, Puerto Rico, and Canada. However, unlike their argument as to the policy's PIP provisions, plaintiffs do not assert any statutory requirement that UM/UIM coverage be applicable to accidents occurring in Mexico. They suggest, nevertheless, that to permit such territorial restriction of UM/UIM coverage would violate Colorado's public policy. We disagree.

■ It is undisputed that the public policy underlying UM/UIM protection in Colorado is to assure that a person injured by an uninsured motorist is compensated to the same extent as one injured by a motorist who is insured in compliance with the law. Thus, to satisfy such policy requirements, an insurer need only offer UM/UIM coverage that is at least as extensive as the insurance policy's liability coverage. *DeHerrera v. Sentry Ins. Co.*, 30 P.3d 167 (Colo.2001); *Alliance Mut. Cas. Co. v. Duerson*, 184 Colo. 117, 518 P.2d 1177 (1974); *see* § 10–4–609(1)(a), C.R.S.2001 (describing UM/UIM protection).

Under the No–Fault Act, the territorial requirements for liability coverage are identical to the PIP requirements, which, as discussed, include only the United States, its territories or possessions, and Canada. *See* §§ 10–4–706(1)(a), 10–4–711(3), C.R.S.2001. Thus, because § 10–4–711(3) does not require that a liability policy cover an accident that occurs in Mexico, there is no corollary requirement that more extensive UM/UIM coverage be provided. *See DeHerrera v. Sentry Ins. Co., supra.*

Although their specific statutory provisions vary, the courts of an overwhelming number of other jurisdictions have held that similar territorial limitations do not violate public

policy so long as they apply equally to statutorily mandated uninsured motorist and liability coverages. *See Mijes v. Primerica Life Ins. Co.*, 317 Ill.App.3d 1097, 251 Ill.Dec. 589, 740 N.E.2d 1160 (2000)(listing cases); *see also Progressive Cas. Ins. Co. v. Ferguson*, 134 F.Supp.2d 1159 (D.Haw.2001)(discussing impact on uninsured motorist rates); *Curtis v. Allstate Ins. Co.*, 473 F.Supp. 315, 317 (E.D.La.1979)("Insurers providing [uninsured motorist] coverage must base their rates on the risk that the insured will be struck by an uninsured vehicle. It is certainly rational to exclude countries where the number of uninsured motorists is unknown or so high as to make coverage impractical."), *aff'd*, 631 F.2d 79 (5th Cir.1980).

The judgment is affirmed.

Judge KAPELKE and Judge ROY concur.